WALTON (KNOX v.). See Case No. 7,915.

## Case No. 17,134.

### WALTON v. McNEIL.

[3 Mass. 25.]

Circuit Court, D. Massachusetts. June, 1794.

JURISDICTION OF FEDERAL COURTS—SUITS BETWEEN ALIENS.

This was a declaration upon promises made at Quebec, viz. at Boston. The defendant pleaded to the jurisdiction; that the parties were both inhabitants of Quebec; and that the cause of action, if any, accrued in Canada, and not within the United States; and that cognizance thereof belonged to the courts of Great Britain, and not to any of the courts of the United States. To this plea there was a demurrer and joinder. The judgment was that the plea in bar is good, and that the court will take no further cognizance of this suit, and that the defendant recover his costs.

[Nowhere more fully reported; opinion not now accessible.]

[NOTE.—See, also, Fields v. Taylor, Case No. 4,777. In Mason v. The Blaireau, Id. 9,-230, Chief Justice Marshall held that the federal courts have jurisdiction of actions between aliens where no objection is raised; and in Montalet v. Murray, 4 Cranch (8 U. S.) 46, that, when both parties to an action are aliens, the courts of the United States have no jurisdiction. In the absence of treaty stipulations, which should be faithfully observed (The Elwine Kreplin, Case No. 4,426, reversing Id. 4,-427; Ex parte Newman, 14 Wall. [81 U. S.] 152), Mr. Justice Bradley, speaking for the supreme court, said in The Belgenland, 114 U. S. 355, 5 Sup. Ct. 860: "Circumstances often exist which render it inexpedient for the court to take jurisdiction of controversies between foreigners in cases not arising in the country of the forum; as, where they are governed by the laws of the country to which the parties belong, and there is no difficulty in a resort to its courts, or where they have agreed to resort to no other tribunals. The cases of foreign seamen suing for wages or because of ill treatment are often in this category; and the consent of their consul or minister is frequently required before the court will proceed to entertain jurisdiction,—not on the ground that it has not jurisdiction, but that, from motives of convenience or international comity, it will use its discretion whether to exercise jurisdiction or not; and where the voyage is ended, or the seamen have been dismissed or treated with great cruelty, it will entertain jurisdiction even against the protest of the consul. * * * In other cases, also, where the subjects of a particular nation invoke the aid of our tribunals to adjudicate between them and their fellow-subjects as to matters of contract or tort solely affecting themselves, and determinable by their own laws, such tribunals will exercise their discretion whether to take cognizance of such matters or not." It was also held that, where controversies are communis juris,—that is, where they arise under the common law of nations,—special grounds should appear to induce the court to deny its aid to a foreign suitor when it has jurisdiction of the ship or party charged. 114 U. S. 355, 5 Sup. Ct. 860. In Hinckley v. Byrne, Case No. 6,510, it was held that, where both plaintiff and defendant are aliens, the judicial power of the United States does not extend to the case, on account of the parties thereto; citing Massman v. Higginson, 4 Dall. (4 U. S.) 12; Piquignot v. Pennsylvania Ry. Co., 16 How. (57 U. S.) 104. This decision seems to have been based upon the decision in Jackson v. Twentyman, 2 Pet. (27 U.

S.) 136, "that, by the constitution, the judicial power was not extended to private suits in which an alien is a party, unless a citizen be the adverse party." See Const. U. S. art. 3, § 2; 1 Stat. 78, § 11; Rev. St. 629.]