Parker, C. J.,
delivered the opinion of the Court. Upon the facts agreed in this case, the defendant’s counsel has argued against the jurisdiction of this Court, both from the nature of the contract, and the situation of the parties; and has cited some authorities in support of his argument. * Upon examining them, however, and such others as can be found bearing upon the question, it does not appear that any direct decision has been had upon this subject. Indeed, it would seem, from the entire want of "authorities in the English books, that the question has never been raised there; and the presumption is violent, that the jurisdiction of the common-law courts in such a case would not be doubted.
In the case of Melan vs. Duke de Fitzjames, (4) the point was not started. Both the parties were French subjects. The defendant had been arrested and held to special bail, on a contract made in France, and to be performed at his house there. All that was moved for was, that his bail bond might be discharged, and he permitted to enter a common appearance; because, by the laws of France, he was not liable to arrest upon such a contract. Both court and counsel take the ground that the action was maintainable *321 in the English courts; and one of the judges was against discharging the bond, because, the contract being personal, and sued in England, the creditor was entitled to the remedies afforded by the English law.
In the case of Robinson vs. Kerr, printed in a note to the case of Rea vs. Hayden, 3 Mass. Rep. 25, both parties were alien friends, and the contract was made in the country where they both lived. The court would not sustain the action. But it does not appear that either the plaintiff or defendant was within this state when the action was brought. On the contrary, it is to be inferred from the report that both were absent, and that the action was brought because some property of the defendant was found here. It cannot be inferred, from this decision, that, if the defendant had been found within the jurisdiction of the court, and arrested, the suit would have been dismissed. It might well have been thought, that the mere circumstance of property, being found here did not give the court jurisdiction over the person of a foreigner, in a suit of another foreigner against him; or perhaps that the court might * entertain jurisdiction or not, at their discretion; as seems to have been the opinion of the Supreme Court of the United States in the case of Mason & Al. vs. Ship Blaireau, (5) cited in the argument by Mr. Ward.
With respect to the two cases which occurred in the Circuit Court of the United States, contained in the note before referred to, the report states it as probable that the court refused to sustain the actions, on account of its limited and special jurisdiction, as given to it by the constitution and laws of the United States. And there is no doubt that the decision was correct; for it will be found, upon examining the constitution of the United States, that a controversy between two foreigners, who are private subjects, is not enumerated as within the judicial power of the United States.
But the jurisdiction of this Court, as a court of common law, is unlimited; and all cases, cognizable by any of the courts of com mon law in England., are cognizable here.
Personal contracts are said to have no situs or locality, but follow the person of the debtor, wherever he may go; and there seems to be no good reason why courts of any country may not lend their aid to enforce such contracts; especially since it is a well-known principle that, in construing such contracts, the law of the place where they are made will be administered. So that the objection made, in this case, of the possible difference between the laws of Demerara and this commonwealth, can have no influence on the question.
*322 It is true that the debtor may be put to inconvenience by being obliged to answer in a foreign country. But the creditor may also be put to inconvenience if he should be denied the privilege of suing in a foreign court; for the debtor may withdraw his person and effects from the place of his business; and if he cannot be pur sued, may defraud his creditor of his due.
It seems, however, to be admitted in the argument, that, if the defendant resided here, there would be no objection * to the action ; the complaint being that he was arrested within this state, when here only for the purpose of embarking for Demerctra. But we see no way of upholding the distinction, and there is nothing to be found in the books to support it. A debtor coming here merely for the purpose of embarking may be detained several months before he procures a passage; he may have all his effects about him; and he may never return to the place where he transacted his business. If the creditor cannot take him here, he may lose his chance of securing his debt. On the score of inconvenience, there is nothing in favor of the defend ant’s argument.
But, for the decision of this particular case, we need not go into any general reasoning. The plaintiff is a citizen of the United States, having his domicile in Connecticut. By the second section of the fourth article of the constitution of the United States, it is provided that “the citizens of each state shall be entitled to all privileges and immunities of citizens in the several states.” Since the adoption of the constitution, the citizens of Connecticut, or any other state in the Union, cannot be considered as foreigners; and indeed are not so considered practically in any courts of law. Citizens of different states may change their domicile from one state to another, and enjoy all the privileges of citizenship wherever they may go.
It will be admitted that a citizen of Massachusetts has the privilege to sue any foreigner who may come within this state, whether he come to embark for a foreign country, or to reside here for the purposes of business. If so, a citizen of Connecticut has the same privilege secured to him by the constitution ; and arguments, which might be plausible if used against a foreigner, cannot avail against a plaintiff who has none of the disabilities of a foreigner attending him.
According to the agreement of the parties, there must be judg ment that the defendant account; and auditors must be appointed

 1 B. & P. 138.

 2 Cranch, 264.