Wheeleb, J.
The authorities and cases to which we have been referred by counsel in argument are for the most part those in which the question of jurisdiction lias arisen where a judgment rendered in one State or nation has been brought in question in the tribunals of another. It has then become an inquiry whether the court liad jurisdiction to render the judgment, and consequently the question lias been considered in an international point of view. A reference to these authorities will perhaps suffice for the consideration of this case; but they are to be received with the qualification that they must yield to our own local legislation respecting the law of remedies'. It is universally admitted that the forms of remedies and the modes of pursuing them are to be regulated solely and exclusively by tiie lex fori, or the law of the place where the action is instituted. Every State is at liberty to prescribe such regulations on the subject as it may deem-proper, which will be binding in its own forums and upon those who maybe within its territory and subject to t tie process of its courts. It is the right of every nation to adopt such a course of proceedings and to prescribe such a system for the regulation of *196 remedies .and the adjudication ot rights as may best comport with its convenience and interests anil the interests oí its own citizens for whom its laws are particularly, designed.
In the absence oE local regulations the principles of the law of nations, being supposed to be founded on natural right and justice, may safely be applied. But the citizens and forums of each nation can appieal to no higher authority than the laws of their own State or sovereignty.
The general principle of internatiobal law seems to be that without a proceeding in rem or personal notice to the defendant, by process served within the territory, jurisdiction cannot bo rightfully exercised; for, “considered in an international point of view, jurisdiction, to bo rightfully exercised, must be founded on the person being within the territory or the thing being within the territory.” (Story’s Conii. Laws, sec. 539.) But as every State lias the right to prescribe the manner in which its own courts shall acquire and exercise jurisdiction, proceedings conducted in the mode prescribed will of course be valid within the territory. Hence, when our statute provides that service in certain cases may be made by publication, the jurisdiction of the court thus acquired cannot lie questioned here, however the judgment might be treated if made the foundation of an action in another State.. (McMullen v. Guest, Present Term.)
The seizure or attachment of property within the territory upon general principles of international law “constitutes a just ground of proceeding to enforce the rights of the plaintiff to the extent of subjecting such property to execution upon the judgment.. Blit if the defendant has never appeared and contested the suit, it is to be treated (says Story) to all intents and purposes as a mere proceeding in rem, and not as personally binding on the party as a decree or judgment in personam; or in oilier words, it only binds the property seized or attached in (ho suit to the extent thereof, and is in no just sense a decree or judgment binding on him beyoud the property. In other countries it is uniformly so treated, and is justly considered as having no extra territorial force or obligation.” (Id., sec. 549.) This is understood tobe the doctrine maintained by the opinion of Chief Justice Parsons in the case of Bissell v. Briggs, (9 Mass. 11., 461,) cited by counsel for the appellant. But I apprehend the same doctrine would not hold as to the effect of the judgment in the State where it was rendered. That must depend upon the conformity of tile proceedings to the local laws and the consequence attached to the judgment by them.
It is not questioned that it was competent to acquire jurisdiction in the present, case by attachment. But it is insisted that when the attachment was quashed, the jurisdiction of tiie court fell with it.
The defendant, however, in the meantime had been personally served with process, and liad appeared and answered to the merits. He took no exception to the proceeding by attachment or to the jurisdiction of the court in the first instance, but contested the plaintiff’s right of action upon the merits. And it it was not until after a continuance at his instance that his objections to the process by attachment and to the jurisdiction of the court wore taken. He liad then submitted to the exercise of jurisdiction over his person, and it was too late to claim his personal immunity and to object to its exercise on that ground. (Green v. Hill, 4 Tex. R., 405.)
It is true that when the court lias not jurisdiction of the subject-matter consent cannot give it. But a defendant may waive his personal privilege of being sued in a particular place, and he may submit his person to the jurisdiction of the court elsewhere. This the defendant liad effectually done before moving to quash the attachment or to dismiss the case for the want of jurisdiction. ne. had contested the plaintiff’s demand upon various grounds of law and fact without having been beard to malee any objection to the authority of the court to take jurisdiction of his person.
The court having acquired jurisdiction of (lie person of the defendant *197 the objection cannot ayail him here; and if the judgment were drawn in question in another State and its validity were lo be tested by the rules of international law, it could not, it is conceived, be successfully impeached (here for the want of jurisdiction. In Mayhew v. Thatcher et al., (6 Wheal. R., 129,) where suit had been brought in Louisiana upon a judgment rendered in Massachusetts in an action commenced there by attachment, but in which the defendant subsequently appeared -and took defense, on error from the District Court for Louisiana to the Supreme Court of the United States, Chief Justice Marshall in delivering the opinion of the court said “ that although the original suit was commenced by attachment, yet the defendant had personal notice of the suit, and afterwards appeared and took defense, so that, even supposing there was any objection to the proceeding by attachment, it was cured by-the appearance of the defendant and his litigating tlie suit.” (5 U. S. Cond. R., 34.) In Starbuck v. Murray. (5 Wend. R., 159,) Marcy, J., in delivering the opinion of the court, said: “If a citizen of one State should go to another to claim property seized on attachment, and subject the attaching creditors to costs and expenses, which in the due course of the proceedings should be adjudged to them by a court of competent authority, will it be pretended that lie could resist the payment of these costs on the ground that he was not subject to the jurisdiction of the court? For all the fair and direct objects of the suit he was within its jurisdiction. So if the proceedings were not in rem, but the property of the defendant was attached to compel him to appear and answer to tlie proceedings -in personam, and he did in fact appear and litígale the cause with the plaintiff, he could not be heard to question (he jurisdiction of the court over hi.s parson.” Referring to the case of Bissell v. Briggs, before cited, the judge remarks: “I do not think Chief Justice Parsons intended to say more than this, that where a court had jurisdiction of a defendant for one purpose, it could not legally bind him by a judgment or sentence in a distinct and different matter.” The authorities, indeed, are numerous to the effect that although personal notice of the suit be not served on the defendant, yet if he chooses to appear and contest the merits, thereby waiving his personal immunity and submitting to the jurisdiction of the court, the judgment will bind him personally and be entitled to the same respect, even in a foreign country, as if tlie process had been served upon the defendant and the judgment obtained in the ordinary mode. (2 Cow. & Hill’s Notes to Phil. Ev., 112, 113, and cases cited.)
We have been referred by the counsel for the appellant to the case of Rea v. Hayden, in tlie Supreme Court of Massachusetts, (3 Mass. R., 25.) where in a note.-by the reporter a case is stated said to have been decided in that court in 1793. It was an action between two alien friends upon a promise made in their own country, and brought in that State upon some properly of the defendant being found there. Upon the ease stated it is said to have been the opinion of the court that they had no jurisdiction of the action. This case differs from the present in that the cause of action arose abroad; and it does not appear that there was any seizure of the property by attachment or otherwise, or that the defendant was served with personal notice of the suit. The report of the case, however, is quite meagre and unsatisfactory. In a subsequent case, decided by the same court in 1819, (Barrell v. Benjamin, 15 Mass. R., 354,) a different doctrine appears to have maintained. The court refer to the above case, and say that “it does not appear that either the plaintiff or defendant was within this State when the action was brought. On the contrary it is to be inferred from the report that both were absent, and that the action was brought because some property of the defendant was found there. It cannot be inferred from this decision that if the defendant had been found within the jurisdiction of the court and arrested, the suit would have been dismissed.” (Id., 357.) The court proceed to notice two other cases stated in (he note to Rea v. Hayden, which have also been referred to in argument in this case, but which are too manifestly inapplicable to require comment. The doctrine in Massachusetts appears from this case lo be that one *198 foreigner may sue another who is transiently within the. jurisdiction of (he courts of that State upon a contract made between them in a foreign country. And it was further held that a citizen of any other of the United States is not to be considered as a foreigu<u*iu that State.
Tiie case of Ward v. Lathrop. decided by this court at the December Term, 1819, differed essentially from the present. There, as we have heretofore had occasion to notice, (McMullen v. Guest.) there was neither person nor property alleged to be within the jurisdiction of the court.
In tiie view we have taken of this question it has not been deemed necessary to consider the propriety of the ruling of tiie court in quashing the attachment. The opinion we entertain of that ruling, however, is confirmatory of our opinion upon the question of jurisdiction.
,The attachment appears to have been quashed in consequence of the lapse of time from (he making of the affidavit to tiie issuing of the writ. In proceeding by attachment the several incipient steps should be as nearly contemporaneous as they conveniently may be, so that suspicion be not thrown upon t.lie fairness of the plaintiff's case. Less dispatch would seem necessary where the ground of the proceeding is that tiie defendant is not a resident of the State than where it is that he is about to remove beyond its limits. There should’not be such delayas to afford a presumption that tiie facts stated in the affidavit had ceased to .exist. This was tiie rule adopted in the case of Sydnor v. Chambers, (Dallam. 601.) In that case, however, it was said that no invariable rule upon tiie subject- can be laid down. It evidently must depend in a great degree upon.the special circumstances of eacli case. If in the present ease the; delay in issuing the writ had been such as to authorize (he inference that the facts stated in tiie affidavit had ceased to exist, or as to cast suspicion on the fairness and integrity of the proceeding, it would have afforded just cause for tiie judgment of the court quashing the attachment. Such, however, does not appear to have been the case, and we are of opinion that the record discloses no sufficient, legal reason for that judgment, and consequently that it was erroneous. But it was an error of which the appellant cannot complain. The court bad acquired jurisdiction of'the case by the attachment, and, before this judgment quashing it, it liad also acquired jurisdiction of the person of the defendant. Tints jurisdiction of both the person and property had attached and was rightfully exercised, and tiie subsequent quashing of the attachment did not deprive the court of its jurisdiction.
In every view of the case wo think it clear that jurisdiction in this instance was rightfully exercised.
The exceptions to the. petition were rightfully overruled. It is averred that the defendant has property within tiie j urisdictibn of the court, which is sought to be subjected to the payment of tiie debt by attachment, and there is shown to be a valid subsisting cause of action.
It remains to dispose of the objection to the rulings of the court in the instructions to the jury and in the admission of evidence.
The instructions relate to the liability of the defendant under the averments and proof in the case. It is insisted for the appellant that in order to hold the defendant responsible as drawer of the bill lie must have been sued as directed in tiie 1st section of the act of 1840, then in force, “to dispense with the necessity of protesting negotiable instruments,” &c. (Hart. Dig., p. 771.) And by tiie appellee it is insisted that tiie act, as it respects the remedy, is merely cumulative, and that the mercantile diligence of protest and notice is still sufficient.
There was in tiffs case no acceptance and no necessity for presentment for acceptance, the hill being, in legal contemplation, payable on demand. (Story on Bills, sees. 50, 228.) Presentment for payment alone was necessary. There was no one but the defendant liable on the paper, and no one to sue to fix his liability. Could it have been the intention of the statute to require the *199 holder to sue the drawer himself, to affect him witli notice or the statutory diligence, and fix his liability? Is the statute applicable to a ease like the present, where there is no acceptance? If not, and the rights of the parties were to he governed by the commercial law in respect to protest and notice, the court did not err in so instructing the jiuy.
Note G8.—McMullen v. Guest, ante, 276.
Note (59.—Primrose v. Roden, 14 T., 1.
Note 70.—Pool v. Pickett. 8 T., 122; Burnley v. Cook, 13 T., 686.
Note 71.—Wright v. Ragland, 18 T., 289.
Note 72.—Cole v. Wintercost, 12 T., 118; Payne v. Patrick, 21 T., 680.
But if, as insisted for the appellant, it was necessary to sue the drawer himself to fix his liability under the statute, or if the statute as to him is to be regarded as a statute of limitations, it is to be observed that the plaintiff’s amended petition alleges that before the first term of the court after the cause of aeliCm accrued the defendant removed from the State, and the evidence established the truth of this averment; and moreover that he did not return 1o the State to reside until shortly after the commencement of the suit. If, then, the present is to be regarded as a question of statutory diligence, to charge the defendant as drawer of the bill it was a sufficient legal excuse for the want of it that tlie defendant had, by his own act, put it out of the power of the plaintiff to use the required diligence. But if the act is to be regarded as a statute of limitations, the time of the defendant’s absence from the country is to be excluded from the computation. (Hart. Dig., art. 2395.) The action was in time, and there was no error in the instructions iu this respect.
If protest and notice were necessary they were averred and shown, and enough was shown, moreover, to have dispensed with the necessity of notice by the principles of the law merchant. If the statute is to be regarded as applicable to this case the plaintiff has done all which by law lie can be required to llave done to fix tlie liability of the defendant aud to entitle him to recovery.
In any view of the case there is enough shown to establish the liability of the defendant., and the instructions respecting the manner in which it may have been fixed aud established are therefore immaterial.
The same may be said of the rulings of the court respecting the admissibility of evidence. The evidence adduced was either admissible or it was immaterial.
And in either view the rulings upon it can afford no ground for reversing the judgment.
We are of opinion that there is no error in the judgment, and that it be affirmed.
Judgment affirmed.