SAMUEL A. BADGER *versus* GEORGE W. TOWLE.

The Supreme Judicial Court of Maine has general common law jurisdiction in all cases. unless its powers are restricted by the constitution or by statute.

Cases enumerated, in which it has jurisdiction, if either or both of the parties reside without the State, and there has been personal service upon the defendant, or his property has been attached.

Want of jurisdiction, for cause not apparent on the face of the record, can be taken advantage of only by plea in abatement. A *motion* to dismiss can only be sustained, where the defect is disclosed upon inspection of the writ.

Where the plaintiff described himself, in his writ, (issued A. D., 1856,) as "late of Kittery in the county of York," the defendant, as of P., in the State of New Hampshire, and an officer of the county of York, certified personal service upon the defendant; a *motion* to dismiss for want of jurisdiction will not be sustained. GOODENOW, J., dissenting.

ON the second day of the term, at which this action was entered, (September term, 1856,) the defendant filed a motion to dismiss the same. At a subsequent term, at *Nisi Prius*, (April term, 1859,) a hearing was had before GOODENOW, J., who sustained the motion and ordered the case to be dismissed. The plaintiff excepted. The material part of the motion is recited in the opinion of the Court.

The questions raised by the exceptions were argued by

*J. N. Goodwin*, for the plaintiff, and by

*Howard* and *Strout*, and *Allen*, for the defendant.

The plaintiff describes himself in his writ, as "late of Kittery in the county of York, trader;" and the defendant, as "of

---

note was and ever since has continued to be a citizen of Maine. To this plea the defendant demurred.

GOODENOW, J. adjudged the replication good; to which adjudication the defendant excepted.

The case was argued on the bill of exceptions by

*J. N. Goodwin*, for Hobbs, and by

*I. S. Kimball*, for the plaintiff.

The Court unanimously sustained the ruling of the Judge at *Nisi Prius*, and overruled the exceptions.

Portsmouth in the county of Rockingham and State of New Hampshire."

The service of the writ was by a deputy sheriff of the county of York, by an attachment of "a hat" and giving the defendant "a summons," &c.

The opinion of the Court was drawn up by

RICE, J.—The Supreme Judicial Court of this State has general common law jurisdiction in all cases unless its powers are restricted by the constitution or by statute. R. S., 1841, c. 114, § 7.

In England and America suits in personal actions are maintainable, and maintained between foreigners, when either of them is within the territory of the State in which the suit is brought. Story's Confl. of Laws, § 542.

This Court has jurisdiction in personal actions between parties not resident in the State, if the defendant is found and duly summoned when temporarily within the State. *Barrell* v. *Benjamin*, 15 Mass., 354; *Nelson* v. *Omaley*, 6 Maine, 218; *Lovejoy* v. *Albee*, 33 Maine, 414.

Where there has been an attachment of the property of a non-resident of the State, but no personal service upon the defendant, a judgment will bind the property but not the person. *McVicker* v. *Beedy*, 31 Maine, 314.

In the case at bar, the officer returns an attachment of the defendant's property and a service upon his person, within his precinct.

Sect. 2 of c. 114, R. S., 1841, refers to cases where both parties reside within the State. Sect. 27, of same chapter, is directory, and has reference to cases where goods and estate are attached and where the defendant is resident out of the State and not personally summoned when in the State. *Nelson* v. *Omaley*, 6 Maine, 218.

The writ in this case, on its face, discloses no want of jurisdiction. It does not appear, therefore, that the plaintiff was not an inhabitant of, and resident within the State at the time the action was commenced.

The motion sets out the following facts:—"And the defendant says, that at the time of the issuing and service of said writ, he was an inhabitant and resident of Portsmouth, in the State of New Hampshire, and had no property in this State, and that the said plaintiff is now, and, at the time of the issuing and service of said writ was, and for the last three years has been a resident of Detroit, in the State of Michigan."

Most of the facts therein set forth are issuable, and could be made available to the defendant, if at all, by plea and proof only, and not on motion, which is only available when the defect is apparent upon the record. *Chamberlain* v. *Lane*, 36 Maine, 388.                              *Exceptions sustained.*

TENNEY, C. J., and APPLETON, DAVIS, and KENT, JJ., concurred.

GOODENOW, J., dissenting. — The writ should state all the facts which are necessary to show that the Court has jurisdiction.

The common law forms of writs which have come down to us, never fail to state the place of residence of the parties. The statute of 1841, c. 114, § 1, requires that the forms of writs in civil actions shall remain as established in the year 1821. By the statute of 1821, the forms of all writs required the place of the residence of the parties to be stated. Every defect which appears on the face of the writ may be taken advantage of by the defendant, on motion; or the Court may, *ex officio*, abate the writ. 6 Pick., 364. The writ in this case, alleges the residence of the defendant to have been at Portsmouth in the State of New Hampshire, and does not allege any place of residence of the plaintiff, only that he had once resided in Kittery in said county of York; that is, "late of Kittery." *Expressio unius est exclusio alterius.* It is equivalent to an averment that he did not reside in Kittery at the date of the writ. It does not allege that the defendant was "commorant" of Kittery, at the date of the writ. It has been deemed essential, in order to give jurisdiction, to allege

the residence of the parties. No judgment has been yet rendered, and no presumption is to be made. It would certainly be highly inconvenient to defendants, when traveling on business or pleasure, in any States of the Union, remote from their residence, and in which they had no attachable property, to be obliged to answer upon a simple summons, to any plaintiffs residing in any part of the country, who might choose to institute suits against them, on demands just or unjust. *Argumentum ab inconvenienti* is forcible in law. They could not have the benefit of a trial by their peers, or by a jury of the vicinage. It will not be contended, that this is a case, where both parties resided within the State.

"In all actions commenced in any Court, proper to try the same, jurisdiction shall be sustained, if goods, estate, effects or credits of any defendant named in said action are found within the State, and attached on the original writ." c. 114, § 5. The return of the officer does not show such an attachment in this case. An attachment of property, in order to give the Courts of our State jurisdiction of a cause, the defendant in which resides in another, must not be merely formal or nominal, but actual and effectual. 1 Cush., 23.

There would be good reason for holding the defendant to answer to the plaintiff in the Courts of this State, if he actually had property here, which could not otherwise be reached by the plaintiff. But if he does not reside here and has no property here, it is not easy to perceive any good reason why he should be harrassed in this way, or why we should be burthened with the litigation, which properly belongs to other States. If the plaintiff could obtain judgment here, he has no means of obtaining satisfaction. He has no hold either upon the person or property of the defendant. The cause of action, upon such a state of facts as must appear by the record, could not be regarded in another State as *res judicata*.

This Court had no authority to order the defendant, who resided in New Hampshire, summoned to appear and answer to the plaintiff, unless it was alleged in the writ that he was

"commorant" in some town within its jurisdiction. The jurisdiction of State Courts is limited by State lines. Mere knowledge of the pendency of a suit in this State, without a legal service of process, is not sufficient to compromise the rights of the defendant living in another State. 1 Cush., 28. In *Barrell* v. *Benjamin*, 15 Mass., 354, the writ was served by *arresting the body*. So also in *Melan* v. *Duke de Fitzjames*, 1 B. & P., 138.

In this case, as in *Rea* v. *Hayden*, 3 Mass., 25, it does not appear that either party was within this State when the action was brought; and the Court say, it cannot be inferred from this decision, that, if the defendant had been found within the jurisdiction of the Court, *and arrested*, the suit would have been dismissed.

In *Barrell* v. *Benjamin*, the defendant had, for more than twenty years, his domicile in Demerara, and had taken an oath of allegiance to the British government. The plaintiff was a native citizen of the United States, born in Massachusetts, and had his residence in Connecticut at the time the action was commenced. As a citizen of one State, he was "entitled to all the privileges and immunities of citizens of the several States."

The defendant was found in Boston, on his way to Demerara. He was, no doubt, sued as of Boston, and arrested there. The Court say, "a debtor coming here merely for the purpose of embarking, may be detained several months before he procures a passage; he may have all his effects with him; and he may never return to the place where he transacted his business. If the creditor cannot *take him* here, he may lose his chance of securing his debt." No such evils can result in this case. By the plaintiff's own showing, the defendant was a citizen of New Hampshire, and not of this State, at the time of commencing this action. He could have been sued there and arrested, or his property attached, if any he had. He could have had his case tried by his peers, without unnecessary and unreasonable inconvenience and expense. As a citizen of one State of the Union, the defendant was

entitled to "privileges and *immunities*," as well as the plaintiff. He should not be harrassed and burthened without any reason or necessity. No such necessity existed, if he had no attachable property in this State. One of the great arguments in favor of our system of a confederation of States over a consolidated government, is that justice may be had at each man's door.

It is not material, that the motion of the defendant states facts which do not appear upon the record. They may be rejected as surplusage, if enough appear without them.

If the residence of the plaintiff is not set forth in the writ as the law requires, it is a defect on the face of the papers, and not *dehors the record,* and the fact need not be pleaded in abatement.

For aught that appears, the summons might have been delivered by the officer to the defendant in New Hampshire. He could not have arrested him, unless found within this State. The summons would have been notice of the pendency of the action, but not such a service of process as the defendant was bound at his peril to regard.

If the defendant can be rightly held to answer in this Court, upon the facts which appear, he might be held to answer in the most distant State in the Union, upon similar facts, if he happened to be traveling there, and obliged to defend against the most unjust claims, at an expense so great as to be equivalent to a denial of justice.

On the whole, in my opinion, the law does not give a plaintiff, whether residing in the State or out of it, a right to call the defendant residing in another State into this State to answer to an action here, unless he has found and attached property of the defendant within this State; or arrested his body within the State; and that, therefore, the exceptions should be overruled, and the action dismissed. See the opinion and reasoning of SHEPLEY, C. J., in *Lovejoy* v. *Albee,* 33 Maine, 416.