GEORGE PEABODY & another *vs.* CHARLES K. HAMILTON.

An absent foreigner may maintain a personal action of a transitory nature in the courts of this Commonwealth against a citizen of another of the United States, personally served here with process duly indorsed, whether the service is by summons or-arrest; and the jurisdiction is not avoided by the fact that the process is served on board a foreign mail vessel arriving from a foreign port and not yet moored in her dock.

It is a lawful service of the original writ in a civil action, framed to attach the goods or estate of the defendant and for want thereof take his body, if the officer attaches a chip as the property of the defendant and gives him in hand a separate summons.

CONTRACT brought in this court, on an account annexed for £100,000. The writ, dated October 17, 1867, was framed to attach the goods or estate of the defendant, and for want thereof to take his body, but no affidavit and certificate were annexed to justify an arrest under the Gen. Sts. *c.* 124, § 1. It described the plaintiffs as of London in England, and the defendant as of the state of New York and commorant of Boston in this Commonwealth; and was indorsed by Charles G. Thomas. The following is a copy of the officer's return of its service: " Suffolk, ss. Boston, October 25, 1867. By virtue hereof, I this day attached a chip as the property of the within named Charles K. Hamilton, and gave to him in hand, in said Boston, a summons for his appearance at court as within commanded. John B. Dearborn, Deputy Sheriff." The defendant filed the following plea to the jurisdiction:

" The defendant, in his proper person appearing for the purpose of objecting to the jurisdiction of this honorable court, says that the plaintiffs are merchants, residents and citizens of London, in the kingdom of Great Britain; that the defendant is a resident and citizen of New Brighton, Richmond county, in the state of New York; that neither is, or was at the time of the purchase and service of the writ in the above entitled action, a citizen of, or temporary resident, or commorant in the Commonwealth of Massachusetts, or within the jurisdiction of this court; that the defendant, at the time of said purchase and service, had neither property nor estate subject to attachment within said jurisdiction; further, that the service of said writ, if any, was made upon

him by the officer handing him a summons in hand while he was on board of the English steamer China, bound from Liverpool, England, to Boston in said county of Suffolk, and immediately after said steamer had reached her dock in East Boston, and before she was moored to her dock; that he was journeying on said steamer from Halifax, Nova Scotia, to his home in the state of New York; and that said steamer was at that time, and still is, a British mail steamer. All which he is ready to verify. Whereupon he says, that said service and the circumstances set forth are not sufficient to give jurisdiction to this honorable court; and he prays judgment if this honorable court will or ought to have further cognizance of the writ and action above named." To this plea the plaintiffs demurred as insufficient in law; and the case was thereupon reserved by the chief justice for the determination of the full court.

*C. A. Peabody,* of New York, (*C. G. Thomas* with him,) for the plaintiffs.

*S. Bartlett & R. D. Smith,* (*H. E. Knox,* of New York, with them,) for the defendant. 1. Neither of the parties was temporarily residing in Massachusetts at the time of suit. It does not appear that the plaintiffs ever were here, and the plea shows the defendant was a mere bird of passage from Nova Scotia to New York. The cause of action is not alleged to have arisen here. The question is not, whether our courts shall refuse to administer justice between a citizen and a foreigner; or between two foreigners commorant or residing here; or between one foreigner and another who makes this country his abode; but whether this forum shall be an arena to determine foreign issues. This has been said to be a question of international law. *Roberts* v. *Knights,* 7 Allen, 449, 450. In that case it was decided that in a suit for wages, arising between a sailor and a master, both British subjects and both temporarily resident here, the court would take jurisdiction. But in this case neither party is temporarily resident here; and no sudden occasion for trying this controversy has arisen. This is the case referred to by Vattel, b. 2, *c.* 8, § 103, (cited with approval in *Roberts* v. *Knights,*) where, after saying that disputes arising in the country of the

forum between a stranger and a citizen, or between two strangers, should be there determined, he adds that the defendant has a general right to have the dispute heard by the tribunal of his domicil. See Story Confl. Laws, §§ 532, 541, 542. The preamble of the colonial ordinance of 1650 (cited in *Roberts* v. *Knights*, 451) recites that " whereas strangers coming amongst us have sudden occasions to try actions," &c. 3 Mass. Col. Rec. 202. This hardly contemplates the trial of causes which foreigners might have tried in their own countries before coming here; and much less the exportation of actions for determination here, by persons residing in Europe.

In *Barrell* v. *Benjamin*, 15 Mass. 354, both parties were transiently resident here; and the *semble* is a mere *dictum*. See in this connection the *dictum* of Shaw, C. J., in *Putnam* v. *Dike*, 13 Gray, 535, 536. But in this case, neither party being even a transient resident, the argument *ab inconvenienti*, upon which the court lays great stress in *Roberts* v. *Knights*, 7 Allen, 452, is not here met with an argument of equal force on the other side.

Is it consonant with natural right and justice, that the plaintiffs, instead of bringing suit in England or New York, should call upon this tribunal to enforce a contract the construction of which must be governed by law foreign to our courts; and ask this court to postpone business of our own citizens who may be suitors, merely to put their claim into the form of a judgment which they must then go elsewhere to have satisfied by another suit? The plaintiffs may have instituted suits against the defendant in various other states, which may all proceed *pari passu*, if the principle contended for by them can be sustained.

2. The nominal attachment and the handing of the summons were not a service of this writ as required by law. Gen. Sts. c. 123, §§ 10, 11. The direction of the writ to the officer, to attach the goods or estate, and for want thereof arrest the body of the defendant, was not complied with; and an entirely different method of service was pursued, for which there is no justification. Such a writ as this without an oath to authorize an arrest is a void process. *Aiken* v. *Richardson*, 15 Verm. 500. If it be urged that the statute authorizes this disobedience to the man-

date of the writ, because it provides that, " when goods or estates are attached on " a writ in this form, " there shall be a separate summons, to be served on the defendant after the attachment," it is to be replied that in this case no goods or estates were in fact attached. This is admitted by the plea and demurrer ; and the nominal attachment of a chip, if made, is no attachment at all. *Lawrence* v. *Smith,* 5 Mass. 362. *Putnam* v. *Dike,* 13 Gray, 536.

3. The service, if any, was made by handing a summons to the defendant while journeying, and on his passage on board a British mail steamship. By the international law, a vessel belonging to an alien friend is considered (so far as consistent with the police and municipal regulations of the country where she is) as a portion of the territory of the sovereign to whose citizen she belongs. 1 Kent Com. (10th ed.) 163, and notes. Wheat. Intern. Law (6th ed.) 153 *& seq.,* and notes.

WELLS, J. That both parties are foreigners is no ground for dismissing the writ. *Roberts* v. *Knights,* 7 Allen, 449. It is not necessary that a foreign plaintiff should be personally within the jurisdiction, in order to institute an action. The statute requires only that he shall furnish an indorser to his writ, who is an inhabitant of the state. Gen. Sts. *c.* 123, § 20.

Personal actions, of a transitory nature, may be maintained in any jurisdiction within which the defendant is found, so that process is legally served upon him. Story Confl. Laws, §§ 543, 554. *Barrell* v. *Benjamin,* 15 Mass. 354. *Wright* v. *Oakley,* 5 Met. 400. This we understand to be the general rule of the common law. Such is also the clear implication of the statutes of this Commonwealth. The restriction in Gen. Sts. *c.* 126, § 1, that a party defendant must have been, before the time of action brought, an inhabitant of the state, or that an effectual attachment must be made of his goods, estate or effects, has application only to actions " against a person who is out of the state at the time of the service of the summons." When the party is in the state, however transiently, and the summons is actually served upon him there, the jurisdiction of the court is complete, as to the person of the defendant. In the numerous discussions of the force

and effect of judgments rendered in one of the United States against citizens of another state, this has been repeatedly and always recognized as sufficient to give full jurisdiction in transitory actions. *Hall* v. *Williams*, 6 Pick. 232, 241. *Gleason* v. *Dodd*, 4 Met. 333, 338. *Ewer* v. *Coffin*, 1 Cush. 23. *Barringer* v. *King*, 5 Gray, 9. *Carleton* v. *Bickford*, 13 Gray, 591.

We do not find that the statement of the case in *Barrell* v. *Benjamin* bears out the assertion upon the defendant's brief, that it was a case where " both parties were transiently resident here." On the contrary, it does not appear from the agreed facts that the plaintiff, who resided in Connecticut, was at the time in Massachusetts at all; and the defendant, a native of Connecticut, then a resident of Demarara, at the time of his arrest " was in Boston, on his way to Demarara." The objection of the defendant, as stated by the court, was, that he was not resident in the state, but was arrested " when here only for the purpose of embarking for Demarara." And the court say : " We see no way of upholding the distinction, and there is nothing to be found in the books to support it."

Some consideration, it is true, was given in that case to the fact that the plaintiff was a citizen of a sister state, and as such, under the Federal Constitution, entitled to all the rights of a citizen of Massachusetts. But the right of a nonresident to sue in our courts is not regarded, in *Roberts* v. *Knights*, 7 Allen, 449, as depending upon considerations of that nature. We cannot consider the fact that the plaintiffs in this case were residents of a foreign country, as having any weight upon the legal question of jurisdiction.

The defendant calls attention to a remark of the court in *Putnam* v. *Dike*, 13 Gray, 535, 536, as indicating that upon a plea to the jurisdiction the action could not have been maintained against a nonresident, if he had never been an inhabitant of the state and there was no effectual attachment of his property in the suit. But in that case, as it is stated by the court, there was " no evidence to show that the defendant ever came within the limits of this state." Of course there could have been no service of the summons upon him. It appears from the files of that case, that there was in fact no such service.

Upon the question of jurisdiction, in its international aspect, we are satisfied that the service of the process, by summons merely, is equally effective with an attachment or arrest of the body.

The defendants contend that service by a separate summons, after a nominal attachment only, is not authorized by the statute. Gen. Sts. *c.* 123, §§ 10, 11. The proceeding is, in form, a literal compliance with the statute. We understand it to be in accordance with long established general practice. Howe Pract. 61. It appears to be recognized as a proper mode of service. *Belknap* v. *Gibbens*, 13 Met. 471, 475. *Orcutt* v. *Ranney*, 10 Cush. 183. No case is cited in which it has ever been held that such service is not good. The language of the provision does not necessarily import "an effectual attachment," such as is required to give jurisdiction against an absent defendant who was never an inhabitant. See Gen. Sts. *c.* 126, § 1. For the purpose of determining the proper mode of service, the return of the officer, that he had attached the property of the defendant, cannot be contradicted by evidence, and is not contradicted by the apparent want of value in the article returned as attached.

The defendant also objects to the service, because it was made upon him while he was still on board a British mail steam-vessel, and "immediately after said steamer had reached her dock in East Boston, and before she was moored to her dock." But we are unable to see any force in this objection. Whatever jurisdiction the English courts may be authorized to exercise over controversies arising between English subjects or others on board English vessels while in foreign ports; and whatever comity may be properly exercised in remitting such controversies for adjudication to the domestic tribunals; there can be no doubt that the defendant was strictly within the jurisdiction of this court, liable to its process, and that he was properly served with it on board the foreign vessel. *Commonwealth* v. *Peters*, 12 Met. 387. But if there were any discretion in the court, as a court of law, in regard to the matter, either on the ground of general comity, or of the nature of the controversy, the question is not presented upon a plea in abatement for insufficient or defective service of the writ. *Demurrer sustained.*