OToole.J.
In this action for goods sold and delivered, the defendant moved to quash service of process and to dismiss the complaint for lack of personal jurisdiction, pursuant to Dist./Mun. R. Civ. P., Rule 12(b) (2), or in the alternative to dismiss the complaint by reason of the doctrine offorum non conveniens. The motion was denied, and thejudge’s ruling was reported to the Appellate Division forreview. We affirm the denial of the motion in both its aspects.
I
To set the stage with facts, we quote thejudge’s Report:
The undisputed evidence indicates that plaintiff, Pulte Computer Corporation, is a Michigan corporation having a usual place of business in Golden, Colorado. Defendant Peter Debus is an individual having a usual place of residence in Munich, West Germany. On or about February 2,1988 and March 29,1988 defendant purchased certain computer related goods from plaintiff Pulte. According to the agreement, some of the goods were to be delivered to the defendant in Munich, West Germany, and the remainder in Southampton, New York. Except for one separate purchase of goods involving a company in Waltham, Massachusetts two years prior to this action, defendant has never transacted any business in the Commonwealth, nor does he maintain any real property or bank accounts in Massachusetts.
On or about August 12,1988, defendant Debus attended the MacWorld Expo computer show at the World Trade Center in Boston. While the defendant was in Boston, plaintiff Pulte served defendant personally with a
*212 summons and complaint, seeking to recover $14,502.10 allegedly owed for goods sold and delivered.
The defendant contends that his “mere physical presence” within Massachusetts at the time he was served with process is not a sufficient basis for the assertion of in personam jurisdiction over him, where he otherwise has no contacts here. In sum, he argues that even when personal service is made within the territory of the forum there must be a “minimum contacts” analysis. Cf. International Shoe Co. v. Washington, 326 U.S. 310 (1945), involving extraterritorial service of process.
The law of Massachusetts has always been, so it appears, that when a defendant “is in the state, however transiently, and the summons is actually served upon him there, the jurisdiction of the court is complete, as to the person of the defendant” Peabody v. Hamilton, 106 Mass. 217, 220-21 (1870), and cases there cited. The principle continues to be given effect, though it may be now too settled to call for articulation. Klavan v. Klavan, 405 Mass. 1105 (1989) (rescript). We are, of course, guided by the settled law.
The defendant, too, recognizes this state of the law, but his thesis is that the simple rule of Peabody runs afoul of contemporary notions of due process and must yield to them. He quotes from Shaffer v. Heitner, 433 U.S. 186, 212 (1977): “[A] 11 assertions of state-court jurisdiction must be evaluated according to the standards set forth in International Shoe and its progeny.” Shaffer was a case of “long-arm” service of process, not of personal service within the forum as here, but the statement that ah assertions of jurisdiction must be measured by the level of contacts with the forum is sweeping enough to include even cases of in-hand service within the borders of the forum.
The S/nz#grpronouncement provoked a sharp disagreement among the Justices of the Supreme Court this past term over whether to extend the International Shoe analysis to a case involving personal service of process within the forum state. Burnham v. Superior Court of California, County of Marin, 495 U.S. _, 109 L.Ed. 631 (1990). Justice Scalia announced the judgment of the Court and, in an opinion joined in by the Chief Justice and Justice Kennedy, argued that the language of Shaffer quoted above should not be read as “casually obliterating” the traditionally recognized distinction between defendants physically present within a state and defendants absent from the state when served with process. Id., at 646. Pointing out that the International Shoe decision had “confined its ‘minimum contacts’ requirement to situations in which the defendant ‘be not present within the territory of the forum,’ 326 U.S.,at316,"Justice Scalia concluded that “a doctrineofpersonaljurisdiction [wiz., that personal service within the forum confers jurisdiction] that dates back to the adoption of the Fourteenth Amendment and is still generally observed” could not be considered to offend “traditional notions of fair play and substantial justice.” Id. at 646-47.
Justice White concurred in the judgment separately, observing that without a showing that the traditional rule “is so arbitrary and lacking in common sense in so many instances that it should be held violative of Due Process in every case,” there was no constitutionally required need to consider, case by case, whether “the rule would operate unfairly as applied to the particular non-resident involved.” Id., at 650.
Nevertheless, four other Justices took the Shaffer statement literally and accepted the proposition “that all rules of jurisdiction, even ancient ones, must satisfy contemporary notions of due process.” M, at 651 (Brennan, J., concurring). These Justices would apply a “minimum contacts” analysis, as the defendant argues we should, although in Burnham they were satisfied that the defendant’s contacts with California were such that its assertion of jurisdiction over him comported with due process. Thus, they concurred in the judgment, but on a markedly different basis.
The ninth member of the Court, Justice Stevens, also concurred in the judgment, but did not join in any of the other opinions. He noted that he had refrained from joining in the Shaffer opinion because he had been concerned by its “unnecessarily *213 broad reach.” Id., at 658.[1]
Given the sharp division of views in Burnham, it may be that the issue will receive further consideration from the Supreme Court. For now, however, the approach espoused by the defendant has not been accepted. The rule of Massachusetts law reflected in Peabody remains vital and controls this case. The motion to dismiss for want of personal jurisdiction was properly denied.
II
The defendant’s other argument is that, even if jurisdiction is proper, the Massachusetts forum is so inconvenient that the defendant should not be required to litigate here and the action should be dismissed.[2] Massachusetts decisional law has long recognized the doctrine of forum non conveniens. Universal Adjustment Corp. v. Midland Bank, Ltd., 281 Mass. 303, 313 (1933). With the adoption of the Massachusetts “long-arm” statute, thedoctrine became part of statutory law as well. G.Lc. 223A, §5-
Whether the application of the doctrine justifies dismissal of an action “depends greatly on the specific facts of the proceeding before the court.” W.R. Grace & Co. v. Hartford Accident & Indemnity Co., 407 Mass. 572, 577 (1990). The decision whether to apply the doctrine is committed to the discretion of the motion judge. Ibid., Kearsage Metallurgical Corp. v. Peerless Insurance Co., 383 Mass. 162, 168 (1981).
The court will weigh relative advantages and obstacles to a fair trial. It is often said that the plaintiff may not, by choice of an inconvenient forum, “vex,” “harass,” or “oppress” the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy. But unless the balance is strongly in favor of the defendant, the plaintiffs choice of forum shouldrarely bedisturbed.’ New Amsterdam Casualty Co. v. Estes, 353 Mass. 90, 95 (1967), quoting from Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947).
From Massachusetts appellate decisions, it appears also to be rare that the motion judge’s exercise of discretion will be disturbed. Compare Universal Adjustment Corp. v. Midland Bank, Ltd., supra (dismissal of action affirmed); Bethlehem Fabricators, Inc. v. H.D. Watts Co., 286 Mass. 586 (1934) (refusal to dismiss action affirmed); New Amsterdam Casualty Co. v. Estes, supra (dismissal of action affirmed); Kearsage Metallurgical Corp. v. Peerless Insurance Co., supra (refusal to dismiss action affirmed); Joly v. Albert Larocque Lumber Limited, 397 Mass. 43 (1986) (dismissal of action affirmed); W.R. Grace & Co. v. Hartford Accident & Indemnity Co., supra (dismissal of action affirmed) with Minnis v. Peebles, 24 Mass. App. Ct. 467 (dismissal *214 of action on grounds of forum non conveniens reversed where defendant resided in Massachusetts).
The defendant has not given us adequate reasons to disturb the motion judge’s exercise of discretion in leaving undisturbed the plaintiffs choice of aforum. Plainly, it is inconvenient for the defendant, a German national, to be required to appear and defend this action anywhere in the United States, but he has not said how it would be more inconvenient to do so in Massachusetts than, for example, in Michigan, where the plaintiff is incorporated, or Colorado, where the plaintiff has its principal place of business. He refers generally to the problem of compelling unwilling Colorado witnesses to appear, but gives no details about the prospective witnesses or their anticipated testimony, so we are unable to assess how real and how significant such a problem may be.[3] Nor does he offer any facts to support a conclusion that the plaintiffs purpose in selecting Massachusetts as the forum was to “vex,” “harass,” or “oppress” him.[4]
We see no error in the motion judge’s refusal to dismiss the action on the grounds of forum non conveniens.
The Report is dismissed.

 In Shaffer, Justice Stevens was not inclined to the direction the defendant urges us in:
“If I visit another State,... I knowingly assume some risk that the State will exercise its power over ... my person while there. My contact with the State, though minimal, gives rise to predictable risks....
“How the Court’s opinion may be applied in other contexts is not entirely clear to me.... I would ... not read it as invalidating other long-accepted methods of acquiring jurisdiction over persons with adequate notice of both the particular controversy and the fact that their local activities might subject them to suit My uncertainty as to the reach of the opinion, and my fear that it purports to decide a great deal more than is necessary to dispose of this case, persuade me merely to concur in the judgment” 433 U.S. 186,218-19.

 The defendants theory of “forum extremely non conveniens” (said to be based on Burger King Corp. v. Rudzewicz, 471 U.S. 443 (1985)) is another formulation of the due process attack on the question of personal jurisdiction. It is not logically related to the doctrine of forum non conveniens, though some of the same considerations are brought to bear in either case. In essence, it is an argument that if the forum is extremely inconvenient, judgments about “fair play and substantial justice” may defeat the reasonableness of jurisdiction. 471 U.S. at 477-78 (Brennan, J.). Burger King involved an out-of-state defendant

 If it is a problem, it is one that will exist for every forum other than Colorado, including Germany.

 The defendant also contends that any judgment against him in this action would be unenforceable elsewhere under the Uniform Foreign Money-Judgments Act because the Act provides that, in a case where jurisdiction is based only on personal service, a foreign judgment shall notbegiven recognition if the foreign courthad been a “seriously inconvenient forum.” See G.Lc. 235, §23A, third paragraph, clause 6. The flaw in the argument is that it depends on our concluding that in thiscase Massachusetts isa“seriouslyinconvenientforum”forthedefendant. As we have just noted, he has not given us a sufficient basis for saying that it is. Without such a predicate, the cited provision of the Act is inapplicable.