MARY A. THOMPSON v. MICHIGAN MUTUAL BENEFIT ASSOCIATION.

*Demurrer—Waiver of defects of jurisdiction.*

1  A demurrer is an appearance and a general demurrer waives objections to jurisdiction of the person.

2. Defects in jurisdiction of subject matter can not be waived, even where the nature of the action is local or any element of locality is necessary to the jurisdiction.

3. Defendant's objection that the court has no authority in the particular case must be specifically and seasonably taken if the court is one of general jurisdiction; and it is properly taken by a plea to the juris-

diction. But if a general demurrer has already been filed this objection is waived and the plea presents an immaterial issue and should be stricken from the files.

4. A non-resident waives his exemption from the process of even a local court of general jurisdiction if he does not object seasonably.

5. The circuit courts of Michigan are courts of general jurisdiction and can take cognizance of suits on contracts, irrespective of the locality of their origin, provided the parties, by service of process or otherwise, are before them.

6. Costs of the issue on an immaterial plea to the jurisdiction and of the Supreme Court on error were exacted upon granting leave to plead to the merits.

Error to Ingham. (Gridley J.) Jan. 24.—Jan. 29.

Assumpsit. Plaintiff brings error. Reversed.

*S. L. Kilbourne* for appellant. A defendant by pleading submits to the jurisdiction and raises an issue of law on which final judgment can be entered: 1 Green's Pr. 124; *Blair v. Compton* 33 Mich. 423; see *Wheeler v. Wilkins* 19 Mich. 81; amending or answering after demurrer is not of right: 1 Green's Pr. 288; *Tefft v. McNoah* 9 Mich. 206.

*B. P. Shepard* and *Huntington & Henderson* for appellee. A corporation can not be sued outside of the jurisdiction of its locus; *Det. F. & M. Ins. Co. v. Saginaw Circ. Judge* 23 Mich. 492; *Dewey v. Central Car Mfg. Co.* 42 Mich. 399.

Cooley, C. J. The defendant is a corporation organized under chapter 94 of the Compiled Laws of 1871 [How. St. ch. 118], and having its business office in the county of Hillsdale. The plaintiff, who is a resident of the county of Ingham, began suit by the filing of a declaration in the office of the clerk of that county, and by service of the same on the proper officer of the defendant in the county of Hillsdale. The defendant, by attorney, filed a demurrer to the declaration, assigning nine special causes of demurrer, all of which were for formal defects. The demurrer was sustained on argument, and the defendant had judgment

for costs with leave in the plaintiff to amend. An amended declaration was filed under this permission. The defendant then pleaded to the jurisdiction of the court, and this plea, after argument, was sustained and the proceedings quashed.

· The ground for this judgment was that the defendant was liable to be sued only in the county where its business office was located, there being no statute authorizing suits to be brought against such corporations elsewhere. Whether this position would be sound if taken seasonably we shall not consider at this time, as we are all of opinion that any objection which might have existed to the jurisdiction in this case has been waived.

If the defect had been of jurisdiction of the subject-matter, no waiver, however formal, could have been effectual. *Attorney General v. Moliter* 26 Mich. 444; *Burckle v. Eckhart* 3 N. Y. 132. And this principle will apply where the action is in its nature local, or where the jurisdiction of the court requires in the cause of action any element of locality. *Wheelock v. Lee* 74 N. Y. 495. But there is no such element in the cause of action in this case. The circuit court for the county of Ingham is a court of general jurisdiction, and may take cognizance of suits upon contracts like the one here sued upon, irrespective of the locality of their origin, provided the parties, by service of process or otherwise, are before the court. The only difficulty suggested in the present case is that the defendant was suable only in the county where it had its business office; but it has been held that even in the case of city courts, a non-resident who could claim exemption from their process, must make the claim seasonably, or he will waive it. *Grand Rapids etc. R. R. v. Gray* 38 Mich. 461; *Gott v. Brigham* 41 Mich. 227. These cases are in point in this suit.

A demurrer is an appearance in the cause. *New Jersey v. New York* 6 Pet. 323. And filing a general demurrer is a waiver of objections to the jurisdiction over the person. *Ogdensburg etc. R. R. Co. v. Vermont etc. R. R. Co.* 63 N. Y. 176, 181; *Handy v. Insurance Co.* 37 Ohio St. 366;

*Miller v. State* 35 Ark. 276; *Rowland v. Coyne* 55 Cal. 1.
If a court has general jurisdiction, but not authority, in
respect to the particular case, the objection should be
specifically taken. *Webb v. Mann* 3 Mich. 139.    The plea
to the jurisdiction was proper,—*Dewey v. Car Co.* 42 Mich.
399, but it was not seasonable; and as the record showed
the defendant had submitted to the jurisdiction, the plea
presented an immaterial issue, and should have been stricken
from the files.

The judgment must be reversed and the cause remanded
with leave to the defendant to plead to the merits on the
payment of all costs of the issue on the plea and of this
Court.

The other Justices concurred.