JOSEPH H. COFRODE AND FRANCIS H. SAYLOR V.
GEORGE GARTNER, CIRCUIT JUDGE OF
WAYNE COUNTY.

*Circuit courts—Jurisdiction to try cases brought by non-residents,
the subject of the controversy being outside of the county.*

1. The several circuit courts in this State are courts of general
   jurisdiction, and have cognizance of suits upon contracts claimed
   to have been performed in this State, irrespective of the local-
   ity of their origin, provided the parties, by service of process
   or otherwise, are before the court. *Thompson v. Association*,
   52 Mich. 522.

2. By filing a declaration, as commencement of suit, the plaintiff
   submits himself to the jurisdiction of the court, as does the
   defendant by appearing and pleading, without the required stat-
   utory service of the declaration.
      So *held*, where non-resident plaintiffs filed a declaration
   against non-resident defendants, as commencement of suit upon
   a contract for building a railroad in this State, and the defend-
   ants, through attorneys of this State, voluntarily appeared, and
   pleaded to the declaration.

3. Consent of the parties cannot confer jurisdiction of the *subject-
   matter* of a suit, but can over the person; and service of pro-
   cess is always treated as waived by a general appearance in
   the cause, and pleading to the merits; and this is so although
   the defendant is a non-resident, and suable only in a partic-
   ular place. *Thompson v. Association*, 52 Mich. 522.

4. How. Stat. § 7547, providing for the trial of issues of fact in
   actions upon contracts in the county where one of the parties
   shall reside at the time of the commencement of suit, does not
   apply to *non-resident* defendants, nor to a resident plaintiff
   suing a non-resident defendant, who, from the necessity of the
   case, may be sued in any county in which he may be found.
   *Atkins v. Borstler*, 46 Mich. 553.

5. If a party has a *right* to plant his suit in a circuit court of this
   State, the circuit judge cannot refuse to entertain jurisdiction
   because it is conferred, as to the person, by the voluntary
   appearance and plea of the defendant.

6. No court or judge has a lawful right to deny to suitors the
   privilege of bringing and prosecuting their suits, upon the

ground that to entertain them will entail expense upon the county.

7. The following propositions are summarized from the *dissenting* opinion of Mr. Justice CAMPBELL:

*a*—There are some incidents of territorial jurisdiction which are universally recognized. Among these is the constitutional and elementary doctrine that, while every state may reach *property* actually within its borders, no *personal* judgment has the least validity unless made against a person actually served with process, or else appearing voluntarily to respond to a suit. It is equally well settled that no one, whether partner or in any other relation of joint interest, can subject any of his associates to such personal jurisdiction, either by suit or arbitration. No one can be brought into court personally, without personal service or personal waiver of service. In order, therefore, to get a personal judgment against all these defendants, they must all be served or appear; and a judgment which does not bind them all personally is not entitled to faith and credit, under the Constitution of the United States. *D'Arcy v. Ketchum*, 11 How. 165.

*b*—It is plain that, as long as these defendants are outside of Michigan, no court of Michigan can reach them. Service of Michigan process beyond the State is not due process of law, and is void for any jurisdictional purpose. *Bischoff v. Wethered*, 9 Wall. 812; *McEwan v. Zimmer*, 38 Mich. 765.

*c*—Under our statutes, no service of process is valid outside of the county, upon any defendant, until jurisdiction has been obtained by service upon some defendant within it. *Turrill v. Walker*, 4 Mich. 177; *Denison v. Smith*, 33 Id. 155.

*d*—When a suit has been so far instituted as to fix the jurisdiction against any defendant, although the authorities are not entirely clear, there is usually no obstacle to a waiver of strict procedure by voluntary action under appearance. But I have found no support anywhere for the doctrine that jurisdiction *itself* can be given in any way or in any case not provided for by law; and there is no provision in statute or common law which allows jurisdiction to depend on the mere will of the parties.

*e*—The only provision in our laws which allows litigation to be commenced without process applies exclusively to courts of justices of the peace, and its express authorization is not without significance, as creating a new method for the first time. How. Stat. § 6823.

*f*—It may be remarked that there is no statutory or common-law rule which allows the original jurisdiction of any court to be called into exercise except by or through the party in person.

It is not within the power of an attorney to represent his client in litigation not already pending.

*g*—How. Stat. § 6816, allows a debtor, with the consent of a creditor, to appear in person before a justice, and confess judgment without process. But this can only be done by a strict compliance with the statute, and a judgment by confession in any way varying from the statutory method is void; citing *Spear v. Carter*, 1 Mich. 19; *Wilson v. Davis*, Id. 156; *Beach v. Botsford*, 1 Doug. 199; *Clark v. Holmes*, Id. 390; and the same rule applies to stay of execution of a justice's judgment. If given for any more than the statutory amount, it is absolutely void; citing *Shadbolt v. Bronson*, 1 Mich. 85; and it was held in *Soper v. Fry*, 37 Mich. 236, that a partner has no authority to confess judgment.

*h*—How. Stat. § 7291, provides two ways for beginning suits for debt or damages, which are by original writ, and by filing and service of declaration.

*i*—It has been settled by our decisions that the suit is not begun until the declaration is served; citing *Free Press Co. v. Bagg*, 78 Mich. 650; and, as already suggested, service cannot be made on any defendant out of the county until it has been served and proof of service filed in the county where the suit is pending; citing *Denison v. Smith*, 33 Mich. 155; *Clark v. Lichtenberg*, Id. 307; *Turrill v. Walker*, 4 Id. 177; and it has been settled that service cannot be made within the original county on any one who is there as a witness, or on any other legal errand, which exempts him from process while away from his residence; citing *Jacobson v. Judge*, 76 Mich. 234.

*j*—How. Stat. § 7547, provides for the trial of all transitory actions in the residence of one or the other of the parties; and it was held in *Haywood v. Johnson*, 41 Mich. 598, that this is jurisdictional, and requires suit to be commenced there. It is only when a defendant is not a resident of the State that he may be served where he can be found.

*k*—Under our statutes it is impossible to hold that any circuit court has jurisdiction without either process or service of declaration. These are the only methods recognized.

*l*—No court can be compelled to assume the burden or authority of jurisdiction, unless in cases authorized by law. It is not in the power of private persons, whether citizens or not, to impose duties on courts, except by following the legal rules.

*Mandamus.*     Submitted January 22, 1890.     Granted January 31, 1890.

Relators applied for *mandamus* to vacate an order

striking a case from the trial docket. The facts are stated in the opinion.

*John Atkinson, Ashley Pond,* and *W. L. Carpenter,* for relators.

*Otto Kirchner,* for respondent.

CHAMPLIN, C. J. On December 7, 1889, the relators commenced suit in the circuit court for the county of Wayne by filing a declaration against Walston H. Brown, Columbus R. Cummings, Samuel Thomas, and William B. Howard. On December 16, 1889, defendants appeared in said cause by their attorneys, and demanded a bill of particulars, which was furnished on the same day. The defendants also pleaded the general issue, with notice of recoupment, of which they furnished a bill of particulars. After the cause was at issue it was regularly noticed for trial by the plaintiffs' attorneys, and placed upon the docket for trial by jury at the January term of said court. On December 23, 1889, the defendants filed an affidavit in support of a motion for a struck jury, which came on to be heard on January 7, 1890, before Hon. George Gartner, circuit judge for the county of Wayne. The plaintiffs opposed the motion, and filed an affidavit in opposition thereto. The motion was submitted to the court, and without deciding it the said circuit judge on January 13, 1890, of his own motion made an order striking the case from the docket on the ground that all the parties to the suit were non-residents; a copy of which order is as follows:

"The application for a struck jury heretofore made in this cause having been duly considered, it satisfactorily appearing to the court that the parties to this action are non-residents, and that the cause of action and the subject-matter thereof arose in the Upper Peninsula of this State, it is ordered that said cause be, and it hereby is, stricken from the docket."

The plaintiffs are both residents of the state of Pennsylvania. Three of the defendants are residents of New York, and one, of Illinois.

The controversy respecting which suit is brought arises under a contract for building a railroad in this State in the Upper Peninsula. Early in the year 1888 the plaintiffs commenced suit by attachment in the county of Marquette, but, for reasons stated in the petition for a *mandamus*, that suit was discontinued, and this commenced by a mutual understanding, on the agreement of the parties.

The relators pray that a writ of *mandamus* issue to said circuit judge, directing him to vacate the above order striking the case from the docket. In showing cause why the *mandamus* should not be granted, Judge Gartner sets out the opinion rendered by him at the time he ordered the case struck from the docket, as follows:

"Upon the application made for a struck jury, it was made to appear that the plaintiffs were residents of and do business in the city of Philadelphia, and the defendants in the city of New York. The subject-matter of the controversy arose and is located in the Upper Peninsula of this State. This is shown in the affidavit of counsel, wherein it is stated:

"'Affiant further says that all the parties to this suit are non-residents of this State; * * * that the transaction involved in this suit arose in the Upper Peninsula of Michigan. It further appears that the declaration was filed December 7, 1889, and the plea December 16 following. No process ever issued out of this court in said matter, nor was service had, and it is apparent that this forum wherein to litigate and determine this controversy is by consent of counsel, and selected for convenience.'

"The suit involves a large amount of money, the claim in the declaration being $1,000,000; and several weeks would have to be consumed in the trial thereof, involving the

county in expense of thousands of dollars, and in a matter wherein the county has no interest, either in the parties or the subject-matter. It certainly does not seem right that 'the people of this county should be made to bear the burden of expense of determining controversies between foreign litigants. The docket of this court is crowded, and we have more than we can do in determining matters wherein the jurisdiction of the court is undoubted. This case has no business here, and an order will be entered striking it from the docket."

He further states as follows:

"That on information and belief this respondent states the fact to be that the relators were not obliged to come into this State to prosecute a right of action against said defendants. Neither did they casually find them, or any of them, in this State, * * * nor was the appearance or plea entered by the said defendants, or any of them, in obedience to any process issued out of said circuit court, nor in obedience to any notice of rule to plead indorsed upon ·a copy of the declaration filed in said circuit court as commencement of suit, * * * but said declaration and plea were filed, and said appearance was entered, in accordance with the previous stipulation of the parties."

He further alleges that there are 922 cases upon the docket, of which 713 are for trial by jury at the present term, exclusive of criminal cases; that the circuit court is overcrowded with business, and that the disposition of causes in said circuit court is delayed because of the crowded state of its docket; that the trial of the alleged cause would consume at least a month of the time of the judges and jury, and in that way would seriously interfere with the disposition of the legitimate business of the court, besides entailing upon the county of Wayne an expense of many thousands of dollars; and that he made the order complained of because he deemed the same in the interest of the administration of public justice, and of the public welfare.

He summarizes his reasons for striking the cause from the docket as follows:

"1. That the said circuit court has no jurisdiction of the said alleged cause.

"2. That the consent of parties and their attorneys does not and cannot confer jurisdiction upon said court, inasmuch as all parties, both the alleged plaintiffs and the alleged defendants, are non-residents of this State.

"3. That, if jurisdiction can be conferred by consent of parties and attorneys, it does not become obligatory upon the court to entertain jurisdiction, but whether the same shall be entertained or not by the court is a matter which rests in the sound discretion of the court; and that public convenience and interest are paramount to the private convenience of the parties.

"4. That it is apparent from the facts set out that the said alleged suit is brought into the circuit court for the county of Wayne for the convenience of the parties and their attorneys only."

I shall consider these reasons in the order named by the circuit judge.

1. As to the jurisdiction of the circuit court. The several circuit courts in this State are courts of general jurisdiction. The cause of action stated in the declaration is transitory. It is an action of *assumpsit,* arising out of a contract claimed to have been performed in this State; and the circuit court for the county of Wayne has cognizance of suits upon contracts like the one sued upon irrespective of the locality of their origin, provided the parties, by service of process or otherwise, are before the court. *Thompson v. Association,* 52 Mich. 522 (18 N. W. Rep. 247). - Were the parties properly before the court? The suit was not commenced by either of the two methods authorized by section 7291, How. Stat. The petition asserts that the suit was commenced by the filing of a declaration (and a copy is attached to the petition). In so doing the plaintiffs submitted themselves to the juris-

diction of the court, as a party to the record (*People v. McCaffrey*, 75 Mich. 115); and the defendants, by appearing and pleading to the declaration, voluntarily submitted themselves likewise to the jurisdiction of the court.

2. While it is true that no consent of parties can give a court jurisdiction of the subject-matter of a suit which the court did not possess without such consent, it is equally true that a court can obtain jurisdiction over the person by the consent of such person; and service of process is always treated as waived by a general appearance in the cause, and pleading to the merits. And this is so although the defendant is a non-resident, and suable only in a particular place. *Thompson v. Association*, 52 Mich. 522.

There is no claim or pretense that this is a fictitious suit, or that it is not brought in good faith, to determine a genuine controversy, of vital interest to the parties concerned. Section 7547 of Howell's Statutes enacts that issues of fact in actions upon contracts shall be tried in the county where one of the parties shall reside at the commencement of suit, unless for the convenience of parties and their witnesses, or for the purposes of a fair and impartial trial, the court shall deem it necessary to order such issues to be tried in some other designated county. This provision, however, applies only to residents. We held in *Atkins v. Borstler*, 46 Mich. 553 (9 N. W. Rep. 850), that the statute does not apply to non-resident defendants, nor to a resident plaintiff suing a non-resident defendant, from the necessity of the case; that, if a non-resident could not be sued in any county where he could be found, he could not be sued at all. In that case the plaintiff was a non-resident of the county where the suit was brought, and the defendant was a non-resident of the State. The action was transitory, and we held the court had complete jurisdiction.

Whether courts ought to take jurisdiction in suits between aliens, when the cause of action arose in a foreign country, is not the question in dispute here. If it were, I should be willing to follow the views expressed by Chief Justice Marshall in *Mason v. The Blaireau,* 2 Cranch, 240. In that case the want of jurisdiction was urged, and in delivering his opinion he said:

"These doubts seem rather founded on the idea that, upon principles of general policy, this Court ought not to take cognizance of a case entirely between foreigners, than from any positive incapacity to do so. On weighing the considerations drawn from public convenience, those in favor of the jurisdiction appear much to overbalance those against it, and it is the opinion of this court that, whatever doubts may exist in a case where the jurisdiction may be objected to, there ought to be none where the parties assent to it."

In suits between foreigners, brought in our courts, the courts are not obliged to entertain jurisdiction. They may and usually do so upon principles of comity, and seldom decline, except through a fear that they may not be capable of doing full and exact justice through a want of knowledge of the laws of the place where the cause of action arose, which enter into and make a part of the contract, or affect the rights and remedy of the parties. In *Great Western Railway Co. v. Miller,* 19 Mich. 305, the plaintiff was a resident of Canada, and brought suit against the railroad company in the Wayne circuit court, in Michigan, for a trespass to his person committed in Canada. The defendant appeared voluntarily. It was objected that the court erred in taking and exercising jurisdiction. This Court said:

"The voluntary appearance of the defendant below renders any discussion of the subject of the venue unnecessary. There can be no doubt that the locality of the trespass does not of itself oust the jurisdiction, where the court has lawfully obtained control over the parties.

But where the parties are not residents of the United States, and the trespass was committed abroad, the right of action in our courts can only be claimed as a matter of comity, and they are not compellable to proceed in such cases."

In *Roberts v. Dunsmuir*, 75 Cal. 203 (16 Pac. Rep. 782), suit was brought by one subject of Great Britain against others of that kingdom, upon a cause of action in tort arising in British Columbia. At the time of bringing the action the plaintiff and one of the defendants resided in the state. Two of the defendants were non-residents, and were not served, but they filed a petition to have the cause removed to the United States court, and had procured an extension of time to answer after such appearance. The court below dismissed the suit, on the ground of want of jurisdiction. The supreme court reversed this ruling, holding that the court had jurisdiction. See, also, as to jurisdiction over a non-resident defendant, *Peabody v. Hamilton*, 106 Mass. 217; *Molyneux v. Seymour*, 76 Amer. Dec. (note) 667; Whart. Confl. Law, §§ 738, 739; *Smith v. Gibson*, 83 Ala. 284 (3 South. Rep. 321); *Roberts v. Knights*, 7 Allen, 449; *Barrell v. Benjamin*, 15 Mass. 354; *Miller v. Black*, 2 Jones (N. C.), 341; *Stramburg v. Heckman*, Busb. 250; *McCormick v. Railroad Co.*, 49 N. Y. 303; *Campbell v. Wilson*, 6 Tex. 379.

The case of *McCormick v. Railroad Co.*, *supra*, was a case where a non-resident of the state of New York sued a foreign corporation upon a cause of action which was transitory in its nature, and arose in another state. The defendant had appeared voluntarily by attorney. Mr. Justice Folger said:

"We hold that, where the court has the jurisdiction of the subject-matter or cause of action, that consent may confer jurisdiction of the person, and that such consent

may be expressed by a foreign corporation by appearing by attorney and answering generally in the action."

3. The third reason given by the circuit judge is that if jurisdiction is conferred by consent it does not become obligatory upon the court to entertain jurisdiction. The correctness of this position must depend upon the right of the plaintiffs to seek redress in the courts of the State. If a party has a right to plant his suit in a circuit court of this State, the circuit judge has no discretion to exercise in the matter. He cannot say to one suitor, "I will retain your suit," and to another, "I will dismiss it." It is among the fundamental rights of a people under our government that they may be secured in the acquirement, possession, and enjoyment of property, and for this purpose courts are instituted as part of the organic law, in which every person shall have his remedy by due process of law. It is secured as a privilege to which every citizen of the United States is entitled. The redress of wrongs and the means of enforcing contracts are of the greatest consequence to the citizen of every state.

Article 4, § 2, of the Constitution of the United States, declares that—

"The citizens of each state shall be entitled to all the privileges and immunities of citizens in the several states."

In commenting upon this clause of the Constitution, the Supreme Court of the United States, in *Conner v. Elliott*, 18 How. 593, said:

"We do not deem it needful to attempt to define the meaning of the word 'privileges' in this clause of the Constitution. It is safer and more in accordance with the duty of a judicial tribunal to leave its meaning to be determined, in each case, upon a view of the particular rights asserted and denied therein. * * * It is sufficient for this case to say that, according to the express words and clear meaning of this clause, no privileges are

secured by it except those which belong to citizenship."

The right to bring suit in the several courts of this State having jurisdiction is a privilege of every citizen of this State. Especially is this true with reference to the enforcement of contracts. A citizen of another state may come into this, and acquire and enjoy property. He may inherit and transmit property. He may enter into contracts, to the same extent that a citizen of this State can do so, and in this his rights are guaranteed by the above provision of the Constitution; and I think that his right to bring suit in this State, in any case where a citizen of the State may, is also guaranteed and protected by this provision of the Constitution. This right does not depend upon the fact of the defendant's having property in this State which can be reached by execution. There are many cases where, in a suit between citizens of this State, there can be no property found out of which to satisfy an execution; nevertheless the plaintiff has a right to plant his suit, litigate his claims, and obtain judgment. *Wilson v. Fire Alarm Co.*, 20 N. E. Rep. 318.

4. The fourth reason set out by the circuit judge affords no excuse for his declining to hear the case. None of the reasons alleged appear to me to be valid reasons for refusing to hear the case, or for striking it from the docket. No court or judge has a lawful right to deny to suitors the privilege of bringing and prosecuting their suits, upon the ground that to entertain them will entail expense upon the county. The parties were rightfully before the circuit court for the county of Wayne. The court had full jurisdiction of the parties and the subject-matter, and the circuit judge was in error in holding that the court had no jurisdiction, or that it had a discretion whether to entertain the suit or not.

A *mandamus* must issue as prayed for, directing Hon.

George Gartner, circuit judge for the county of Wayne, to reinstate said cause upon the calendar of said court.

MORSE and GRANT, JJ., concurred with CHAMPLIN, C. J.

CAMPBELL, J., *(dissenting.)* Relators are assignees of a firm consisting of Oliver W. Barnes, of New York city, Joseph W Crawford, of · Philadelphia, and Francis C. O'Reilly, of Orange, N. J. Relators both live in Pennsylvania. Their assignors had a contract for building a railroad in three of the Upper Peninsula counties, with Walston H. Brown and Samuel Thomas, of New York city, and Columbus R. Cummings and William B. Howard, of Chicago. None of these defendants has been in Michigan during the transactions to be referred to. Relators appear to have brought a suit of foreign attachment against the defendants in the Upper Peninsula, at Marquette, on which issue was joined. Subsequently, for reasons of convenience, this suit was discontinued, and by mutual understanding they attempted to bring a suit in the circuit court for Wayne county, filing a declaration on December 7, 1889. Defendants, by attorney, put in a plea to the merits on December 16, 1889. No service, or attempt at service, was made on any one of the defendants. Defendants early in January, 1890, the case being on the term calendar for trial as a jury cause, applied to the respondent for a struck jury, setting up the circumstances of the controversy, and the wide range of inquiry necessary, and the residence of the parties, and the locality of the work done and in litigation, and claiming that all of the facts made it unsafe and undesirable for trial by an ordinary jury. Plaintiffs opposed this motion, and insisted there was no reason for having a special jury.

On these facts appearing, the respondent refused to

have the case kept in court at all, as one which the Wayne circuit court was not bound to try, and dismissed it. Relators seek a *mandamus* to restore the cause to the court and calendar.

Several reasons were discussed on the hearing before us, depending on very grave questions. In the view I take of the motion, it is not necessary to consider them all. The jurisdiction, in my view, depends entirely on the policy of the statutes of Michigan. Without passing on the point directly, I am inclined to think that, if the suit had been begun in the statutory way, the controversy might be litigated in our courts somewhere against the parties reached. But the controversy is fairly presented, not whether our courts can entertain proceedings between non-residents, but whether this suit is brought at such a place and in such a way that the Wayne circuit court is legally bound to hear it, and has no option on the subject. If not legally bound to do so, we have no right to review its discretion in declining to hear it. While we have statutes which to some extent, at least, raise distinctions arising out of residence, I do not propose to consider them all particularly. There are some incidents of territorial jurisdiction which are universally recognized. Among these is the constitutional and elementary doctrine that, while every state may reach property actually within its borders, no personal judgment has the least validity unless made against a person actually served with process, or else appearing voluntarily to respond to a suit. It is equally well settled that no one, whether partner or in any other relation of joint interest, can subject any of his associates to such personal jurisdiction, either by suit or by arbitration. No one can be brought into court personally, without personal service or personal waiver of service. In order, therefore, to get a personal judgment against all these defendants, they must all be

served or appear; and a judgment which does not bind them all personally is not entitled to faith and credit, under the Constitution of the United States. *D'Arcy v. Ketchum,* 11 How. 165.

It is plain that, so long as these defendants are outside of Michigan, no court in Michigan can reach them. Service of Michigan process beyond the State is not due process of law, and is void for any jurisdictional purpose. *Bischoff v. Wethered,* 9 Wall. 812; *McEwan v. Zimmer,* 38 Mich. 765. Under our statutes, no service of process is valid outside of the county, upon any defendant, until jurisdiction has been obtained by service on some defendant within it. *Turrill v. Walker,* 4 Mich. 177; *Denison v. Smith,* 33 Id. 155. When a suit has been so far instituted as to fix the jurisdiction against any defendant, although the authorities are not entirely clear, there is usually no obstacle to a waiver of strict procedure by voluntary action under appearance. But I have found no support anywhere for the doctrine that jurisdiction itself can be given in any way or in any case not provided for by law; and there is no provision in statute or common law which allows jurisdiction to depend on the mere will of the parties. The only provision in our laws which allows litigation to be commenced without process applies only to courts of justices of the peace, and its express authorization is not without significance, as creating a new method for the first time. By section 6823 of Howell's Statutes it is provided that suit may be instituted before a justice either by the voluntary appearance of "parties or by process." It may be remarked that there is no statutory or common-law rule which allows the original jurisdiction of any court to be called into exercise except by or through the party in person. It is not within the power of an attorney to represent his client in litigation not already pend-

ing. By section 6825, a voluntary suit is to be commenced "at the time when the parties shall appear before the justice and join issue." The statute also allows a debtor, with the consent of a creditor, to appear in person before a justice, and confess judgment without process. Section 6816. But this can only be done by a strict compliance with the statute, and a judgment by confession in any way varying from the statutory method is void. *Spear v. Carter,* 1 Mich. 19; *Wilson v. Davis,* Id. 156; *Beach v. Botsford,* 1 Doug. 199; *Clark v. Holmes,* Id. 390. The same rule applies to stay of execution of a justice's judgment. If given for any more than the statutory amount, it is absolutely void. *Shadbolt v. Bronson,* 1 Mich. 85. It is also held in *Soper v. Fry,* 37 Mich. 236, in accordance with many other cases, that a partner has no authority to confess judgment.

There has been some doubt at common law whether an appearance can be entered at all before the time expires under the process served, and it seems then to be confined to cases where it is necessary for some purposes for the defendant; as, for example, to discharge appearance bail. But there is nowhere any recognition of the validity of a proceeding not commenced by legal process. It is not profitable to attempt to surmise all the reasons for legal rules, but courts have no right to disregard them. The government is interested in controlling litigation, and in preventing it, except under its own regulations. It involves many considerations which none but the Legislature can pass upon. Due process of law, under which property may be seized and sold, or whereby the public machinery is used at public expense, cannot depend on mere private will. Our laws have removed most of the merely formal impediments to suing, but they have not allowed parties to get into court, except through the ways indicated. There is but one method left to the

·parties for litigating disputed facts in any but the regular way, and that is by arbitration. That is allowed to be done, not in court, but out of court; but it may be submitted by acknowledgment before some public officer, and, if regularly executed, may be by the submission entitled to be entered as a judgment in a court designated. How. Stat. § 8474. But, if not executed in strict accordance with law, such award cannot be received by any court as the foundation of a judgment (*Gibson v. Burrows,* 41 Mich. 713); and the arbitration cannot cover questions of landed title (section 8475.)

Provision is also made for confession of judgment by virtue of power executed out of court, but the attorney's power to file a *cognovit* must be found in a special and separate appointment in writing, outside of the evidence of debt, and is strictly limited by its terms. Section 7662. Parties are also allowed to agree upon a case stating only facts, and submit it to the circuit court for judgment on the law, without suit brought, if the controversy might be made the ground of an action; but it must be shown by affidavit that the controversy is real, and in good faith. How. Stat. § 6469. But it was held in *Goodrich v. Detroit,* 12 Mich. 279, that such a case must leave no inference of fact to be drawn by the court, and that no further facts or evidence can be permitted to be introduced. No other cases of voluntary jurisdiction have been provided·for, and none of these include any litigation of issues of fact.

When we look at the judiciary laws, we shall find them as precise in their directions as the common-law practice, but simplified in details. They provide both where and how suits shall be begun, and of what the courts shall have cognizance. It is declared that the circuit courts shall have power, and it shall be their duty, to hear and determine all such matters "as may be lawfully brought

into said courts." It is further declared that the rules regulating their practice—

"Shall govern the practice and proceedings in the circuit courts, until altered by the Supreme Court, or by their authority." Section 6467.

The venue may be changed on good cause shown, which is a matter of judicial discretion, and which is in no case allowed to be done by act of parties. Section 6468; *Greeley v. Stilson,* 27 Mich. 154. The only specified case in which it is done, except by the local judge, is where that judge is disqualified; and then it must be done by regular proceedings before another public officer, which must conform to the statute to be valid. Section 6495; *Shannon v. Smith,* 31 Mich. 452. Section 7291 provides two ways for beginning suits for debt or damages, which are (1) by original writ, and (2) by filing and service of declaration. It has been settled by our decisions that the suit is not begun till the declaration is served. *Free Press Co. v. Bagg,* 78 Mich. 650. And, as already suggested, service cannot be made on any defendant out of the county until it has been served and proof of service filed in the county where the suit is pending. *Denison v. Smith,* 33 Mich. 155; *Clark v. Lichtenberg,* Id. 307; *Turrill v. Walker,* 4 Id. 177. And it has been settled that service cannot be made within the original county on any one who is there as a witness, or on any other legal errand, which exempts him from process while away from his residence. *Jacobson v. Judge,* 76 Mich. 234 (42 N. W. Rep. 1110). By sction 7547 it is provided that all transitory actions shall be tried in the residence of one or the other of the parties. It was held in *Haywood v. Johnson,* 41 Mich. 598 (2 N. W. Rep. 926), that this is jurisdictional, and requires suits to be commenced there. It is only when a defendant is not a resident of the State that he may be served where he can be

found. This is a rule of necessity, and results from the doctrine that all persons temporarily in any county become subject to its jurisdiction, and, if they have no fixed residence, must be treated as commorant wherever they are found. Under our statutes it is impossible to hold that any circuit court has jurisdiction without either process or service of declaration. These are the only methods recognized. Until a suit is pending, no attorney has official authority to appear for a client, and when a suit is actually pending no party can answer for any other party. No court can be compelled to assume the burden or authority of jurisdiction, unless in cases authorized by law. It is not in the power of private persons, whether citizens or not, to impose duties on courts, except by following the legal rules. The public officers, judicial or otherwise, cannot have duties laid on them by private action. The return before us indicates the great public inconvenience which would follow the assumption of jurisdiction in this case. That would be no answer to the application before us, if the legal duty exists. But it indicates, perhaps, some of the reasons which have induced the law-makers to so apportion the jurisdiction of courts as to make the burdens fall where they ought to fall, and to prevent parties from choosing their own forum, at their own pleasure.

I do not think the suit is legally before the Wayne circuit court, and I think the *mandamus* should be denied.