### SLOSS *v.* YOUNG.

1. VENDOR AND PURCHASER—MORATORIUM RELIEF—JURISDICTION.
   Circuit court in chancery *held,* without jurisdiction to grant relief under land contract moratorium act where bill therefor was not filed while proceeding to forfeit land contract was pending nor before issuance of writ of restitution (Act No. 122, Pub. Acts 1933).

2. COURTS—JURISDICTION—WAIVER—GENERAL APPEARANCE—PLEADING.
   Lack of jurisdiction of the subject-matter of a suit is not waived by general appearance and pleading by defendants.

Appeal from Washtenaw; Sample (George W.), J. Submitted January 16, 1936. (Docket No. 85, Calendar No. 38,766.) Decided June 4, 1936.

Bill by David Sloss against Joseph W. Young and wife and others for moratorium relief under Act No. 122, Pub. Acts 1933. From order denying third motion to set aside relief granted, defendants appeal. Reversed.

*Burke & Burke,* for plaintiff.

*Carl H. Stuhrberg,* for defendants.

NORTH, C. J. Plaintiff purchased on contract a parcel of real property from defendants Young. Default resulted in forfeiture, followed by summary proceedings before a circuit court commissioner. The statutory period of 90 days (Act No. 122, Pub. Acts 1933) having elapsed after judgment in favor of the vendors determining amount due and there having been no redemption, a writ of restitution was issued January 26, 1934, and placed in the hands of the defendant sheriff. Thereafter, and on February 1, 1934, plaintiff instituted this suit in chancery and sought relief under the so-called moratorium statute, Act No. 122, Pub. Acts 1933. Defendants Young answered and after hearing the trial court granted plaintiff moratorium relief to March 1, 1935, upon fixed conditions as to payment of rental value, etc. This decree was filed June 11, 1934. Thereafter the circuit judge made an order which plaintiff claims extended the moratorium and continued the cause to March 1, 1937.

In October, 1934, a motion by defendants Young to set aside the moratorium order was heard and

denied. Another motion of like character was made in February, 1935, and denied March 8, 1935. No appeal was taken from any of the foregoing adjudications. Again on April 8, 1935, defendants Young made a motion by which they sought dismissal of the bill of complaint, dissolution of the injunction which restrained execution of the writ of restitution, and also dissolution of the order continuing the cause of action. The present appeal is from an order of the court denying this motion.

The controlling fact disclosed by this record is that all of plaintiff's rights in the property involved had expired before application was made to the court for moratorium relief. At the time the bill of complaint was filed (February, 1934), Act No. 122, Pub. Acts 1933, was in force. The material portion reads: "In all actions now pending for the forfeiture, foreclosure or specific performance of any executory contract for the purchase of real estate in which a writ of restitution has not issued and in any action hereafter commenced for the forfeiture, foreclosure, or the specific performance of such contracts, the circuit court in chancery of the county in which the property is located may upon proper application" grant moratorium relief. Jurisdiction was not acquired by the circuit court in chancery because plaintiff's bill of complaint did not allege a cause within the provisions of the statute. At the time plaintiff filed his bill of complaint defendants' action before the circuit court commissioner was not "pending," nor was it one in which the "writ of restitution has not issued." It follows that the circuit court obtained no jurisdiction to grant the relief sought and was wholly without power to do so. Jurisdiction was statutory and plaintiff's case did not come within the provisions of the statute. Lack

of jurisdiction was of the subject-matter of the suit, and it was not waived by the general appearance and answer of defendants. *Moore* v. *Ellis,* 18 Mich. 77; *Thompson* v. *Michigan Mutual Benefit Ass'n,* 52 Mich. 522. The relief sought by defendants should have been granted.

The order entered in the circuit court will be vacated and one entered in this court in accordance herewith. Appellants will have costs of both courts.

FEAD, WIEST, BUTZEL, BUSHNELL, EDWARD M. SHARPE, and TOY, JJ., concurred. POTTER, J., took no part in this decision.