WESTGATE *v.* DUNN.

1. PROCESS—OBJECT.
   The object of process is to bring the defendant into court.

2. COURTS—JURISDICTION—STATUTES—MOTION TO DISMISS.
   The question of whether a court lacks jurisdiction, based on statutory requirement of residence, can be raised by motion to dismiss (3 Comp. Laws 1929, § 16351).

3. APPEARANCE—WAIVER OF QUESTION AS TO JURISDICTION OVER PERSON.
   A defendant who enters a general appearance in superior court of Grand Rapids in answer to a summons waives his right to complain of the jurisdiction of the court over his person because summons failed to state that either party was a resident of Grand Rapids (3 Comp. Laws 1929, § 16351).

Appeal from Superior Court of Grand Rapids; Taylor (Thaddeus B.), J. Submitted October 4, 1939. (Docket No. 42, Calendar No. 40,660.) Decided December 19, 1939. Rehearing denied February 14, 1940.

Case by Russell E. Westgate against Earl Waring Dunn for damages for alleged libel. From order dismissing cause, plaintiff appeals. Reversed.

*Michael Garvey,* for plaintiff.

*Theodore H. Elferdink,* for defendant.

McALLISTER, J. Plaintiff brought suit by summons against the defendant in the superior court of Grand Rapids, and upon service of such process defendant entered his general appearance, and declaration was thereafter served upon him. Defendant moved to dismiss on the ground that neither the summons nor declaration set forth that either of the

parties was a resident of the city of Grand Rapids at the time of commencement of the suit. Plaintiff was then granted leave to amend his declaration, alleging that "plaintiff herein, residing in the city of Grand Rapids, complains of" defendant in a plea of trespass on the case. A second motion to dismiss, on grounds similar to those contained in the previous motion, was filed by defendant, and on hearing thereof the court entered an order dismissing the case. Plaintiff appeals.

Section 16351, 3 Comp. Laws 1929 (Stat. Ann. § 27.3623), provides:

"The said superior court shall have original jurisdiction, concurrent with the circuit court for the county of Kent, in all civil actions of a transitory nature, when the debt or damage claimed is over one hundred dollars, in which both parties reside in the city of Grand Rapids; or in which either the plaintiff or the defendant resides in the city of Grand Rapids, and service of a copy of the declaration or process by which suit is begun shall be had within said city."

The object of process is to bring the defendant into court. The question of whether the court lacks jurisdiction, based on the statutory requirement of residence, can be raised by motion to dismiss. In this case defendant entered his general appearance in answer to the summons. By such appearance, he waived his right to complain of the jurisdiction of the court over his person. See *Grand Rapids, N. & L. S. R. Co.* v. *Gray,* 38 Mich. 461; *Thompson* v. *Michigan Mutual Benefit Ass'n,* 52 Mich. 522; *Union Guardian Trust Co.* v. *Grevnin,* 264 Mich. 358.

The order dismissing the cause is reversed, with costs to plaintiff.

Butzel, C. J., and Wiest, Bushnell, Sharpe, Potter, Chandler, and North, JJ., concurred.