*In re* IVES.

PETITION OF BEVARD.

1. JUDGMENT—COLLATERAL ATTACK—ADOPTION—HABEAS CORPUS.
    Mother's petition for writ of habeas corpus filed in one county for custody of her child is a collateral attack upon adoption proceedings had in another county upon a petition for adoption of such child without consent of one parent, hence if pro-

bate court in last-mentioned proceeding had jurisdiction of the subject matter and of the parties its orders were not subject to collateral attack.

2. COURTS—WANT OF JURISDICTION NOT CURED BY TESTIMONY.

If want of jurisdiction in a court affirmatively appears by the files, it would not be cured by testimony on a hearing.

3. SAME—JURISDICTION.

The question of jurisdiction of the subject matter may be raised at any time.

4. JUDGMENT—PROBATE COURT—RES JUDICATA—COLLATERAL ATTACK.

Valid orders of probate courts have the force and effect of judgments and are *res judicata* of the matters involved and cannot be attacked collaterally.

5. ADOPTION—STATUTES.

Adoption proceedings are purely statutory in Michigan (Act No. 288, chap. 10, Pub. Acts 1939).

6. JUDGMENT—ADOPTION—JURISDICTION—NOTICE—REGISTERED MAIL —HABEAS CORPUS—COLLATERAL ATTACK.

Where statute controlling adoption proceedings without consent of one parent provides that notice to such parent be given personally or by publication, and order as to notice to such parent provided that it be given by registered mail and such method was followed, probate court's order of adoption based thereon was invalid, hence circuit court of another county had jurisdiction in subsequent habeas corpus proceedings brought by such parent to act upon her petition for custody of child (3 Comp. Laws 1929, § 15207; Act No. 288, chap. 1, § 2, Pub. Acts 1939, as amended by Act No. 176, Pub. Acts 1941; Act No. 288, chap. 10, Pub. Acts 1939).

Appeal from Wayne; Merriam (DeWitt H.), J. Submitted April 11, 1946. (Docket No. 69, Calendar No. 42,877.) Decided June 3, 1946. Rehearing denied September 11, 1946.

Habeas corpus proceedings by Dorothy Jeanne Bevard to obtain custody of Clara Jean Ives, also known as Clara Jean Trowbridge, detained by Elmer J. Trowbridge. Petition dismissed. Plaintiff appeals. Reversed and remanded for further proceedings.

*Weiswasser, Jaffe & Radner,* for plaintiff.

*Buell A. Doelle,* for defendant.

SHARPE, J.  This is an appeal in the nature of certiorari, upon leave granted, from an order of the circuit court of Wayne county dismissing appellant's petition for a writ of habeas corpus.

On February 15, 1944, Dorothy Jeanne Bevard, formerly Ives, filed a petition for a writ of habeas corpus in the circuit court of Wayne county alleging that on January 8, 1935, she was married to Robert Louis Ives and as a result of said marriage two children were born, their names being Clara Jean Ives and Robert L. Ives; that a decree of divorce was granted to plaintiff by the circuit court of Wayne county and the custody of the two children was awarded to her; that Elmer J. Trowbridge, defendant, and his first wife were old friends of plaintiff and shortly after the birth of Clara Jean Ives plaintiff left the child in the care and custody of the defendant and his wife; that the child continued to live at the home of defendant and the plaintiff regularly visited said child until about two years before filing the instant petition when she was refused permission to visit her daughter; that defendant attempted to adopt Clara Jean in the probate court of Wayne county, but his petition was denied; that plaintiff is informed and believes that defendant instituted proceedings in the probate court of Washtenaw county for the purpose of adopting said Clara Jean Ives; that such resort to the court of Washtenaw county was an attempt to avoid the effect of the denial of adoption in Wayne county; that the probate court of Washtenaw county had no jurisdiction to entertain such adoption proceedings; that said Clara Jean Ives (Trowbridge) is restrained of

her liberty by Elmer J. Trowbridge; that said Clara Jean is not committed or detained by virtue of any process, judgment, decree or execution specified in Act No. 314, chap. 37, § 8, Pub. Acts 1915,* and that the petitioner is a proper person to have the care and custody of said Clara Jean.

On February 25, 1944, Elmer J. Trowbridge filed a return to the writ of habeas corpus in which it is alleged:

"That on April 21, 1942, in the probate court for the county of Washtenaw, State of Michigan, in the matter of the estate of Clara Jean Ives, a minor, being No. 32475, an order was entered by the Hon. Jay G. Pray, judge of probate, that I stand in the place of parent of said child, and that the name of the said child be changed to Clara Jean Trowbridge; that such order of adoption was based upon my declaration of adoption as a resident of Washtenaw county, on Godfredson road, R. F. D. No. 3, where I resided from February 1, 1941, until 18 months thereafter; upon the investigation and report of Arch D. Wilson, county agent; upon substituted service having been obtained by sending a registered letter to the last known address of the natural mother of the said child, the petitioner herein, who was found to have abandoned said child, and by publication in a newspaper of general circulation in the county of Washtenaw; and, by the written consent of the natural father, Robert Louis Ives."

Plaintiff filed a traverse to the return and avers that the probate court of Washtenaw county was without jurisdiction to make any valid order of adoption because defendant was not a resident of Washtenaw county; because no consent was obtained from plaintiff; because no proper substituted service was had upon plaintiff in said proceedings; and because

* See 3 Comp. Laws 1929, § 15207 (Stat. Ann. § 27.2251).—RE-PORTER.

defendant employed the probate court of Washtenaw county to perpetrate a fraud upon plaintiff.

The cause came on for trial. The proceedings in the probate court of Washtenaw county were made a part of the record. The record before us shows that on March 24, 1942, Elmer J. Trowbridge filed a declaration of adoption without consent of one parent in which it was alleged that Clara Jean Ives was six years of age on July 23, 1941; that Jean Ives Bevard has abandoned said child for a period of one year preceding the date of filing the declaration of adoption; and that Elmer J. Trowbridge resides at R. F. D. No. 3, Ypsilanti, in Washtenaw county. This declaration of adoption was signed and consented to by Robert Louis Ives, the father of said child, who was then living in California. On March 24, 1942, the following order, dated March 5, 1942, was entered in the probate court of Washtenaw county:

"It appearing to the court that a declaration of adoption without consent of one part (parent) has been filed in this court by Elmer J. Trowbridge and Robert Louis Ives. It appears to the court that a proper method of service on the parent not consenting to adoption, is by registered mail and,

"It is ordered, that said party be served by registered mail, return receipt demanded, addressed to Jean Ives Bevard, the person not consenting to the adoption, at her last known address and to be posted by depositing in any United States Post Office at least 14 days prior to the date set for hearing in said notice.

"JAY G. PRAY,
"Probate Judge."

On March 27, 1942, an affidavit was filed in the probate court of Washtenaw county stating that a copy of the petition for adoption and notice of hear-

ing was on that day served upon Jean Ives Bevard by depositing the same in an envelope and sending it registered mail, return receipt requested, to "Mrs. Jean Ives Bevard, 6510 Third avenue, Los Angeles, California," that being her last known address. On April 15, 1942, an affidavit of service was filed in which it was stated that the letter sent by registered mail was returned to the sender because Mrs. Jean Ives Bevard had moved and had not left a forwarding address. On April 21, 1942, an order was entered in the probate court of Washtenaw county confirming the adoption without consent of one parent. On July 17, 1942, a petition was filed in the probate court of Washtenaw county by Dorothy Jeanne Bevard, plaintiff herein, to set aside the order of adoption, but on November 27, 1943, the above petition was discontinued.

Evidence was also introduced showing that plaintiff and Robert Louis Ives were divorced on December 8, 1938, by the circuit court of Wayne county; and that the care, custody and education of the minor children of the parties was decreed to Jeanne Ives until the further order of the court.

On June 26, 1944, the trial court filed the following opinion:

"This court is of the opinion that the due and orderly administration of justice requires that the issues raised herein should be presented to the court in the county in which they have originated and that said adoption proceedings taken in Washtenaw county are not subject to collateral attack in this court in Wayne county."

On August 3, 1944, an order was entered dismissing the petition for a writ of habeas corpus.

Plaintiff appeals and urges that the Washtenaw county adoption proceedings were invalid because

they were not in compliance with statutory requirements. Defendant urges that an order of adoption may not be collaterally attacked nearly two years after it is made by habeas corpus proceedings in another county when the want of jurisdiction, depending upon the place of residence of the adopting parent, does not appear on the probate record.

The petition for a writ of habeas corpus filed in the circuit court of Wayne county is a collateral attack upon the adoption proceedings in Washtenaw county. If the probate court of Washtenaw county had jurisdiction of the subject matter and of the parties its orders may not be the object of *collateral* attack in another proceeding in another county. But, "If want of jurisdiction affirmatively appears by the files, it would not be cured by testimony on a hearing." *Woodliff* v. *Citizens Building & Realty Co.,* 245 Mich. 292.

In *Lamberton* v. *Pawloski,* 248 Mich. 330, we said:

"The question of jurisdiction of the subject matter may be raised at any time. *Greenvault* v. *Farmers & Mechanics' Bank of Michigan,* 2 Doug. (Mich.) 498; *Farrand* v. *Bentley,* 6 Mich. 281; *Attorney General, ex rel. Lockwood,* v. *Moliter,* 26 Mich. 444; *Adams* v. *Hubbard,* 30 Mich. 104; *Woodruff* v. *Ives,* 34 Mich. 320; *Horton* v. *Howard,* 79 Mich. 642 (19 Am. St. Rep. 198); *Tromble* v. *Hoffman,* 130 Mich. 676; *Attorney General, ex rel. Wolverine Fish Co.,* v. *A. Booth & Co.,* 143 Mich. 89; 15 C. J. p. 847."

We recognize that orders of probate courts have the force and effect of judgments and are *res judicata* of the matters involved and cannot be attacked collaterally. See *Chapin* v. *Chapin,* 229 Mich. 515. However, such rule is based upon a valid order. The principal issue involved in this case is the validity of the adoption order of the probate court of Washtenaw county.

In this State adoption proceedings are purely statutory. The proceedings in this case were governed by Act No. 288, chap. 10, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 16289–10 [1] *et seq.*, Stat. Ann. 1943 Rev. § 27.3178 [541] *et seq.*). Section 2 thereof provided in part as follows:

"Such adoption and, in case a change of name is desired, such change of name shall be with the consent of the persons hereinafter described, viz:

"1. In case the parents of such child, or either of them, are living, then with the consent of such parents, or the survivor of them: *Provided,* That in any case where both parents are living and only 1 consents to such adoption and shall allege in the instrument of adoption that the other parent has abandoned such child for the period of 1 year last preceding the date of filing the instrument of adoption, or in case the parents are divorced, that such parent has not contributed to the maintenance of such child for the period of 2 years last preceding the date of filing the instrument of adoption, the court shall appoint a day for the hearing of the same and give notice thereof to the parent not consenting thereto, and the notice of such hearing may be given by personal service or by publication as provided by sections 32 to 35 of chapter 1 of this act. Upon the hearing, if the court shall find that the parent not consenting to such adoption has in fact abandoned such child as herein provided, or if the parents are divorced, that such parent who is legally liable for the support of said child has not contributed to the maintenance of such child, as herein provided, the court may enter an order of adoption as hereinafter provided and the effect of such order upon the parent not consenting to such adoption shall be the same as if such parent had in fact given his, or her, consent thereto."

The notice to the parent not consenting to the adoption provided for in the above act "may be

given by personal service or by publication as provided by sections 32 to 35 of chapter 1 of this act.''
It is to be noted that the method of service is limited to either personal service or service by publication.

Section 32 of chapter 1 of the probate code, as amended by Act No. 176, Pub. Acts 1941 (Comp. Laws Supp. 1945, § 16289–1 [32], Stat. Ann. 1943 Rev. § 27.3178 [32]), provides: ''Except as otherwise provided by law, all probate and other legal notices required by law or by the probate judge of any county to be served upon any party, shall be served as the court shall direct,'' either by personal service, service by publication or by registered mail. It also prescribes the manner in which each kind of service shall be accomplished. Neither section 32, above referred to, nor section 2 of chapter 10, above quoted, provides for service by registered mail in adoption proceedings.

In the case at bar, the record shows that an order was entered by the probate court providing for service by registered mail upon Jean Ives Bevard, the parent not consenting to the adoption. In *Hosey* v. *Ionia Circuit Judge,* 120 Mich. 280, we held that service by mail was insufficient where the order required personal service upon all parties named. *In re Wilkie's Estate,* 314 Mich. 186, we said: ''Service by mail is not personal service as required by the statute * * * and jurisdiction of the circuit court does not depend on whether or not there is evidence that the mail was received, so long as the statute requiring personal service was not complied with.''

In the case at bar the petition for adoption gave the probate court of Washtenaw county jurisdiction of the subject matter, but the failure to give Dorothy Jeanne Bevard notice as required by statute

was fatal to the making of the order of adoption. The record in the probate proceedings shows, without the aid of other evidence, that there was no valid adoption of Clara Jean Ives. Therefore, it follows that the circuit court of Wayne county had jurisdiction to determine the issue involved in the petition for writ of habeas corpus.

The cause is remanded to the circuit court of Wayne county for further proceedings. Plaintiff may recover costs.

BUTZEL, C. J., and CARR, BOYLES, REID, NORTH, and STARR, JJ., concurred. BUSHNELL, J., took no part in the decision of this case.