### EDWARDS *v.* MEINBERG.

1. JUDGMENT—COLLATERAL ATTACK—ABUSE OF PROCESS.
    An action for damages for abuse of process, based on fact that defendant herein had commenced an action against plaintiff in a municipal court in a city other than one in which both parties were resident, constitutes a collateral attack upon the judgment in the original action.

2. SAME—COLLATERAL ATTACK—JURISDICTION OF SUBJECT MATTER.
    A collateral attack upon a judgment is permissible only if the court in which the judgment was rendered never acquired jurisdiction over the persons or the subject matter.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 6–9] 31 Am Jur, Judgments §§ 576, 583, 597.
[3, 4, 9] 3 Am Jur, Appearances § 31.
[5] 14 Am Jur, Courts § 184.

3. SAME—JURISDICTION—PERSONAL SERVICE—GENERAL APPEARANCE.
   A municipal court had jurisdiction to render judgment against defendant in action of assumpsit, where defendant, a nonresident, was personally served and entered a general appearance.

4. APPEARANCE — GENERAL APPEARANCE — WAIVER — JURISDICTIONAL DEFECTS.
   A party, by a general appearance, may waive "jurisdictional" defects arising out of a failure to observe residential requirements (CL 1948, § 666.10, as amended by PA 1949, No 44).

5. COURTS—JURISDICTION—SUBJECT MATTER—AGREEMENT OF PARTIES.
   Jurisdiction as to subject matter may not be conferred upon a court by agreement of the parties.

6. JUDGMENT—DEFECT IN VENUE—COLLATERAL ATTACK.
   A defect in venue requirements, even where not waived by a general appearance, is not such a defect as may be attacked collaterally.

7. SAME—TRUE JURISDICTIONAL DEFECT—COLLATERAL ATTACK.
   The judgment of a court which has acted without authority by reason of a true jurisdictional defect is a nullity and is always subject to collateral attack.

8. SAME—MISTAKE IN JURISDICTION—DIRECT ATTACK.
   A mistake in the exercise of jurisdiction by a court is not void altogether but may be subject to direct attack on appeal, where question as to jurisdiction is seasonably raised.

9. SAME—COLLATERAL ATTACK—JURISDICTION OF THE SUBJECT MATTER AND PERSON OF DEFENDANT.
   The judgment by a municipal court in an action of assumpsit may not be the subject of collateral attack, where it had jurisdiction of the subject matter and of the person of the defendant, a nonresident, by reason of personal service followed by general appearance.

Appeal from Wayne; Culehan (Miles N.), J. Submitted June 5, 1952. (Docket No. 38, Calendar No. 45,442.) Decided September 3, 1952.

Action by James J. Edwards against Walter W. Meinberg and City Finance Company, a Delaware corporation, for damages resulting from abuse of

process.   Motion to dismiss granted.  Plaintiff appeals.   Affirmed.

*Dee Edwards,* for plaintiff.

*Walter W. Meinberg* (*Colin J. McRae,* of Counsel), for defendants.

BUSHNELL, J.   Defendant City Finance Company, a Delaware corporation, which has a "small-loan" office in the city of Detroit, brought an action in assumpsit in the municipal court for the city of Highland Park against James J. Edwards, who resides in the city of Detroit.   Edwards, who was personally served with process, appeared, answered the finance company's declaration, and demanded a jury trial. Edwards testified in his own behalf.   After the trial judge directed a verdict in favor of the finance company, Edwards moved to dismiss on the ground that the court lacked jurisdiction, which motion was denied, as was another one to set aside the judgment. No appeal was taken to the circuit court.

When the finance company obtained a writ of garnishment against Edwards' wages to satisfy its judgment, he brought action in the circuit court to recover damages on the ground of abuse of process. The finance company appeared specially and, upon its motion, this circuit court cause was dismissed.

Edwards relies upon a statute designated in its "catch-line" as "Venue of actions; exception as to certain cities and counties."   CL 1948, § 666.10, as amended by PA 1949, No 44 (Stat Ann 1951 Cum Supp § 27.3188), which reads in part as follows:

"Sec. 10.   Every action commenced in such court shall be brought before some justice of the peace of the city or township where:

"1.  The plaintiffs or any of them reside; or

"2. Where the defendants or any of them reside; or

"3. Before some justice of another township or city, in the same county, next adjoining the residence of the plaintiff or defendant or 1 of the plaintiffs or defendants: Provided, however, That justices of the peace in cities having a population of 10,000 or more shall have exclusive jurisdiction, concurrent jurisdiction of courts of record excepted, in causes or proceedings where all the parties to the same reside in said city at the time of the commencement of the proceedings or cause, and in case where the original cause of action existed in favor of a plaintiff and against a defendant, both residents of said city, and has been assigned to a nonresident of said city; or."

Edwards argues that the finance company at the time it commenced its action in the Highland Park municipal court knew that that court was without jurisdiction; that they concealed the residence of the City Finance Company from that court; that the summons would not have been issued had they made a full disclosure. He also claims that the judgment creditor was fully aware at the time it obtained the writ of garnishment that the judgment obtained in Highland Park was wholly invalid and void.

The argument thus presented amounts to a collateral attack upon the judgment in the original suit. *In re Ives*, 314 Mich 690. Such attack is permissible only if the court never acquired jurisdiction over the persons or the subject matter. *Adams* v. *Adams*, 304 Mich 290, 293, and *Life Insurance Company of Detroit* v. *Burton*, 306 Mich 81.

The municipal court had jurisdiction over both the parties and the subject matter, because Edwards was personally served and entered a general appearance; and the court had jurisdiction over an action in assumpsit on the promissory note. Edwards

argues, however, that the statute hereinbefore quoted imposes another jurisdictional requirement. The parties, by a general appearance, may waive any "jurisdictional" defects arising out of a failure to observe residential requirements. *Thompson* v. *Michigan Mutual Benefit Association,* 52 Mich 522; *Noble* v. *Grandin,* 125 Mich 383, 387–389; *Johnson* v. *Burke,* 167 Mich 349, 355; *Westgate* v. *Dunn,* 291 Mich 286.

A failure to meet the requirements of a "venue" statute does not constitute a true jurisdictional defect. Venue requirements may be waived, but the parties by agreement cannot confer jurisdiction as to subject matter upon the court. *Thompson* v. *Michigan Mutual Benefit Association, supra; Kirkwood* v. *Hoxie,* 95 Mich 62 (35 Am St Rep 549); and *Sloss* v. *Young,* 275 Mich 492. A defect in venue requirements, even where not waived by a general appearance, is not such a defect as may be attacked collaterally. *Miller* v. *Smith,* 115 Mich 427 (69 Am St Rep 583). If there is a true jurisdictional defect, the court has acted without authority, its judgment is a nullity and is always subject to collateral attack.

"There is a wide difference between a want of jurisdiction, in which case the court has no power to adjudicate at all, and a mistake in the exercise of undoubted jurisdiction, in which case the action of the trial court is not void although it may be subject to direct attack on appeal." *Jackson City Bank & Trust Co.* v. *Fredrick,* 271 Mich 538, 544.

The statute upon which plaintiff relies is not a true jurisdictional statute, but is one pertaining to venue. Its requirements may be waived by failure to seasonably raise the question in the original proceedings.

Since the Highland Park municipal court had jurisdiction to render a judgment in the assumpsit

action, plaintiff may not question that judgment in this collateral suit.

The order of dismissal is affirmed, with costs to appellees.

DETHMERS, BUTZEL, CARR, SHARPE, BOYLES, and REID, JJ., concurred.

The late Chief Justice NORTH did not sit. ·